This is an appeal from a final decree rendered in a declaratory judgment action in the Circuit Court of Jefferson County. The cause was filed by Commercial Standard Insurance Company against General Trucking Company, Inc. Royal Globe Insurance Company, Loddie Williamson and Eugene Reese, as Administrator of the Estate of Gayla J. Reese. We affirm.
The issue is which insurance carrier is liable for coverage of Williamson, who was involved in a truck-pedestrian accident on July 14, 1978. As a result of that accident suit was filed by Eugene Reese against Royal's named insured, General; Commercial's named insured, Lane Trucking Co., Inc. (Lane); and Williamson. Subsequent to the claims made against General, Royal and General filed a declaratory action against Lane, its insurer Commercial, the truckdriver Williamson, and Reese. Judgment in the Reese action was rendered against the three defendants, General, Lane and Williamson.
On March 18, 1976, Williamson entered into a lease agreement with Lane which stated that Williamson was the owner-operator of his truck and that his relationship with Lane was that of an independent contractor and not that of an agent, servant, or employee of Lane. The lease agreement provided that Williamson would be responsible and liable to Lane. Williamson agreed to pay Lane for any damage to property or persons. Lane in turn would procure and pay for such public liability insurance as was required by the Interstate Commerce Commission (I.C.C.), but this fact would not modify the agreements between Lane and Williamson stated elsewhere in the lease.
In July, 1978, General needed additional trucks to haul silica from Elmore, Alabama, to Columbia, Tennessee. General entered into an agreement with Lane, whereby owners of trucks under long-term leases with Lane agreed to haul for General. General would receive the proceeds, subtract its cut and pay the owners of the trucks. Lane did not have the authority from I.C.C. to haul between Alabama and Tennessee and the hauling was done under General's I.C.C. authority. One of these trucks, owned by Williamson, was involved in the accident. Prior to the accident, Royal had issued a comprehensive automobile liability insurance policy to General with the named insured General Trucking Company, Inc., while Commercial had issued a comprehensive automobile liability insurance policy to Lane Trucking, Inc. The language of the pertinent provisions of both policies is identical.
The Commercial policy reads in part:
"II. PERSONS INSURED
. . . .
"(a) the named insured.
". . .
 "(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:
"(1) a lessee or borrower of the automobile, or
 "(2) an employee of the named insured or of such lessee or borrower;
 "(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above.
"None of the following is an insured:
". . .
 "(ii) the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile or the owner of a non-owned automobile, or any agent or employee of any such owner or lessee;
The policy further provides:
"V. ADDITIONAL DEFINITIONS. *Page 170 
 When used in reference to this insurance (including endorsements forming a part of the policy):
. . . . .
 `hired automobile' means an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured. . ..
 `non-owned automobile' means an automobile which is neither an owned automobile nor a hired automobile;
 `owned automobile' means an automobile owned by the named insured;"
If we disregard the Schedule of Automobiles attached to Commercial's policy, the literal language under Part V indicates that Williamson's vehicle is a "hired automobile" rather than an "owned automobile." If Williamson were an agent, servant or employee of Lane, driving a hired automobile with Lane's permission and within the scope of such permission, Williamson would fall within Part II (c) and would be a "person insured." Williamson is the owner of the hired automobile and therefore falls within Part II (ii) and is not an insured.
The language of the first sentence under Part V states: "including endorsements forming a part of the policy." Webster's Third New International Dictionary (1971) defines "endorsement" as follows: "Insurance: a provision added to an insurance contract altering its scope or application that takes precedence over printed portions of the policy in conflict therewith."
Williamson's vehicle is listed on the Schedule of Automobiles, showing the premiums paid for both "Bodily Injury Liability" and "Property Damage Liability." The language at the top of page 2 of the Schedule indicates that the Schedule is "attached to and forming part of policy number 430-15-02-53 issued by Commercial Standard Insurance Company."
This Court finds the endorsement provision under Part V and the indication that the Schedule is part of Commercial's policy to be clear evidence of the parties' intent to include the Schedule in Commercial's policy. The listing of the vehicle is a specific action that supersedes the literal definitions under Part V of the Commercial policy and makes Williamson's vehicle an "owned automobile"; Williamson therefore becomes an "insured" pursuant to Part II (c) because he is a person using an owned automobile with the permission of Lane and his operation of the vehicle was within the scope of such permission. Part II (ii) does not qualify (c) because (ii) applies to a "hired automobile" or "non-owned automobile" and not to "owned automobiles."
Where there is added to a printed form a written or typewritten clause, that clause should be considered as superseding those clauses in conflict which are printed in the form. Pearl Assurance Company v. Hartford Fire InsuranceCompany, 239 Ala. 515, 195 So. 747 (1940). In the same decision, the Court stated specifically:
 "It is also clear to us that to the extent that clause three as printed conflicts with clause six as amended, the latter should take precedence."
It is a well-established principle that a court should avoid taking a single provision or sentence from an insurance policy and attaching to it greater significance than is intended by the whole terms of the policy. Southern Guaranty InsuranceCompany v. Wales, 283 Ala. 493, 218 So.2d 822 (1969); NorthRiver Insurance Company v. Jackson, 278 Ala. 604, 179 So.2d 731
(1965).
The listing of the Williamson vehicle as an "owned automobile" in the Schedule as part of the policy, creates an ambiguity in the Commercial policy which is to be resolved in favor of the insured. Safeco Insurance Company of America v.Banks, 275 Ala. 119, 152 So.2d 666 (1963); Burton v. State FarmFire Casualty Company, 533 F.2d 177 (5th Cir. 1976). Furthermore, based on the interpretation given to the language in the Commercial policy, and the coverage of Williamson, we find that if General was found to have any liability as a result of Williamson's accident, then General is an insured under Commercial's policy under Part II (d), which states: *Page 171 
 "any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."
Commercial contends that the rule that an ambiguity in an insurance contract should be interpreted in favor of the insured and against the insurer should be ignored where the dispute is between two insurance carriers. We do not agree.Georgia Casualty Surety Company v. Universal UnderwritersInsurance Company, 534 F.2d 1108 (5th Cir. 1976).
Under Royal's policy, which carries identical language, Williamson's vehicle is a "hired automobile." Lane is excluded from coverage under Royal's policy as a result of Part II (ii) as the owner or lessee (of whom the named insured is a sub-lessee) of a hired automobile. Williamson is also excluded under the same provision. Williamson's lease remained in effect throughout the course of the General job; thus any indemnification of General would be an indemnification by Lane. This particular liability is excluded from the coverage of the Commercial policy by Part I, exclusion (a),[1] which provides that the insurance does not apply to liability assumed by the insured under any contract or agreement. General may not rely on the July 11, 1978, lease as the basis for its coverage under the Commercial policy, but this does not prevent General from being covered under the other provisions of the policy. To the extent that General became liable due to the negligence of Williamson, General may recover from Williamson's insurer, Commercial, limited by the extent of the coverage of Commercial's policy. American Southern Insurance Company v.Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783 (1963).
A careful consideration of the record and the briefs submitted convinces us that the trial court reached a proper decision, and the judgment is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and EMBRY and ADAMS, JJ., concur.
ALMON, J., concurs in the result.
[1] "I. COVERAGE C — BODILY INJURY LIABILITY
COVERAGE D — PROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
C. bodily injury or
D. property damage
to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, of any automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.
EXCLUSIONS
This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement."