MONROE, Judge.
State Farm Mutual Automobile Insurance Company filed a declaratory-judgment action asking the trial court to determine whether it had a duty to provide coverage under an automobile insurance policy owned by Robert Odis Brooks. Brooks was driving a pickup truck and towing a utility trailer when the trailer came loose and collided with a vehicle in which Dorothy Gay Woodley and Hazel Garrett were riding. Brooks had a policy with State Farm providing coverage for his 1995 Plymouth Voyager van, but the pickup truck was not insured. The trailer was not specifically insured, either.
Both State Farm and the defendants in the declaratory-judgment action, Brooks, Woodley, and Garrett (hereinafter “Brooks”), moved for a summary judgment. After a hearing, the trial court entered a summary judgment in favor of State Farm and denied Brooks’s request for a summary judgment. Brooks appealed.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Brooks contends that because the liability insurance policy he had for the van covers trailers that are being towed, State Farm has a duty to provide coverage to him in this instance. Therefore, Brooks says, the trial court erred in entering the summary judgment in favor of State Farm.
As the trial court noted in its judgment, the van described on the declarations page of the policy is the only vehicle covered under the policy. The “definitions” section of the policy makes it clear that only the vehicle or vehicles listed on the “declarations” page is insured. The policy does have a provision that allows coverage to extend to a trailer being towed by the covered vehicle, with certain exceptions not applicable in this case.
The evidence is undisputed that the trailer was not insured separately from the van. Also, the pickup truck Brooks was using to tow the trailer was not insured. Brooks argues, however, that even though no vehicle involved in the accident was insured, State Farm must provide benefits because the policy on the van allows for coverage of the trailer.
This argument is without merit. Brooks had no insurance for the pickup truck or the trailer. The only vehicle insured was the van, and it was not involved in the accident. Merely because State Farm has *1281 issued a policy to Brooks insuring the van, which also allows for coverage of the trailer when the van is towing the trailer, does not mean that State Farm has the responsibility of insuring the trailer when it is towed by uninsured vehicles. “It is a well-established principle that a court should avoid taking a single provision or sentence from an insurance policy and attaching to it greater significance than is intended by the whole terms of the policy.” Commercial Standard Ins. Co. v. General Trucking Co., 423 So.2d 168, 170 (Ala.1982). However, that is exactly what Brooks asks us to do. To construe the policy as Brooks wants us to would be to strain both the policy and common sense beyond reason.
The trial court properly determined that State Farm was entitled to a judgment as a matter of law. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.