This case presents the following question: Does a circuit court acquire personal jurisdiction of a class action suit when it is shown that one of the two named class action plaintiffs had died before the suit was filed and the other has notified the court that she does not desire to prosecute the action?
We have issued the writ of certiorari to the Court of Civil Appeals to review a judgment of that court affirming the trial court's dismissal of the class action suit. 579 So.2d 1340. The petitioner here, Donald Hayes, had sought to intervene in the class suit. The trial court dismissed this case, stating that it never acquired personal jurisdiction, and the Court of Civil Appeals affirmed.
The pertinent facts are as follows. On June 7, 1985, a class action suit was filed against James White, as commissioner of revenue for the State of Alabama, and others, by Mr. and Mrs. Billie McClung,[1] "Individually and as representatives of the Plaintiffs' class," alleging that the County had assessed ad valorem taxes to a certain class of individuals at a rate exceeding the "current use" valuation, and, therefore, that a refund was due the members of that class.
The defendants filed answers to the complaint in which they admitted many of the allegations of the complaint, but they denied others and demanded strict proof of them. The record shows that at no time did the defendants specifically challenge the capacity of either plaintiff to maintain the lawsuit.
On October 21, 1986, over 16 months after the action was filed, Annie Mae McClung (Mrs. Billy McClung) filed a letter with the trial court requesting that the suit be dismissed and that the names of Mr. and Mrs. McClung be withdrawn from any documents concerning the suit.[2] On October 23, 1986, the trial court dismissed the case.
On November 17, 1986, the attorneys for the plaintiff class timely moved to reinstate the action, and in their motion stated that "an intervenor's complaint is being presented with this motion for reinstatement and that the named plaintiff will be allowed to withdraw once the intervenor's complaint is allowed." Petitioner Donald Hayes was the intervenor.
The next day, November 18, 1986, the trial court set aside its order of dismissal, reinstated the action, and substituted Donald Hayes for Mr. and Mrs. Billy McClung as representative for the plaintiff class. Subsequently, the defendants filed a motion to dismiss and a motion to strike the intervention, arguing that the trial court never had personal or subject matter jurisdiction of the class action. The trial court denied those motions, and this Court denied a request for petition to appeal that interlocutory order. SeeSingleton v. McClung, 514 So.2d 347 (Ala. 1987) (no opinion). Nevertheless, on September 22, 1989, the trial judge, stating that the "contents of the file are very confusing," entered an order of dismissal, and cited, in part, the following reasons for his action:
 "14. The Court finds that it is undisputed that Mr. Billy McClung died on *Page 1345 
June 4, 1985, prior to the filing of this lawsuit, and that his widow, Mrs. Billy McClung, testified that she never authorized this lawsuit to be filed individually or in a representative capacity as Executrix of the Estate of Mr. Billy McClung. In other words, this Court never had jurisdiction of this cause and never had power to act from the beginning. . . . Also, Mrs. Annie Mae McClung was never the owner of the property of Billy McClung, and she acquired the interest of the property only by and through the Last Will and Testament of Billy McClung, which was not admitted to probate until June 24, 1985, and further Mrs. McClung was not representative of a class of members who qualify for current use taxation on Class III property and thereafter based on incorrect property evaluation [sic]. Billy McClung was exempt from payment of ad valorem taxes for the year 1981 based on age and annual taxable income.
 "15. The Court further finds . . . based on the findings above that the intervention by the named Class representative Donald Hayes should never have been allowed in that the Court never obtained personal jurisdiction in that there was no lawful action pending for Hayes to intervene in."
Donald Hayes appealed to the Court of Civil Appeals. That court affirmed the dismissal of the class action, stating that "[t]he record reveals that Billy McClung died prior to the filing of the complaint, and it is unknown whether he authorized the filing of the lawsuit in his name." We reverse.
Rule 23, Ala.R.Civ.P., provides four prerequisites to bringing a class action: (1) the class must be so numerous that joinder of all members is impracticable; (2) there must be questions of law or fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and (4) it must appear that the representative parties will fairly and adequately protect the interests of the class. These requirements have been interpreted as follows:
 "[T]he plaintiffs must show numerosity of class, typicality of the named plaintiff's claim, commonality of questions of law or fact and adequacy of representation. [The plaintiff] must also show that the final relief requested is appropriate to the class as a whole."
Johnson v. Montgomery County Sheriff's Dep't, 99 F.R.D. 562, 564
(M.D.Ala. 1983).
Although class certification is generally left to the sound discretion of the trial judge, we note that the trial judge, during the four-year course of this litigation, never ruled on the request for class certification, even though Rule 23(c)(1), Ala.R. Civ.P., directs that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." (Emphasis added.)
Furthermore, Rule 23(d)(2) states that the court may make orders requiring, for the protection of the class members, that notice be given to afford those members the opportunity to determine whether the named class representative is adequate to represent their interests and to intervene if necessary.
It is well recognized, as the defendants argue, that if the named plaintiff seeking to represent the class fails to establish the requisite case or controversy, he may not seek relief on his behalf or on behalf of the class. See Amason v. First State Bank ofLineville, 369 So.2d 547 (Ala. 1979); Lynch v. Baxley, 744 F.2d 1452
(11th Cir. 1984). This Court has also stated, however, that when the interests of putative class members are not adequately protected by the class representative, or by the judiciary, the running of the statutory limitations period is tolled so that an unnamed member of the class may either intervene or be named individually. White v. Sims, 470 So.2d 1191 (Ala. 1985); First BaptistChurch of Citronelle v. Citronelle-Mobile Gathering, Inc.,409 So.2d 727 (Ala. 1981).
In White v. Sims, this Court held that "the commencement of a class action tolls the statute of limitations until such time as an independent action is filed, or until the denial of class certification." *Page 1346 470 So.2d at 1193. In essence, an unnamed member of the plaintiff class may intervene so that the class is adequately represented, so long as the intervention occurs prior to the running of the statutory period of limitations, which is tolled until the denial of class certification.
In United Airlines, Inc. v. McDonald, 432 U.S. 385, 97 S.Ct. 2464,53 L.Ed.2d 423 (1977), unnamed plaintiffs were allowed to intervene after the trial court had refused to certify the class. The United States Supreme Court affirmed and stated in dictum:
 "To be sure, the case was "stripped of its character as a class action' upon denial of certification by the district court. . . . But, `it does not . . . follow that the case must be treated as if there never was an action brought on behalf of absent class members.'"
482 U.S. at 393, 97 S.Ct. at 2469, quoting Philadelphia Electric Co. v.Anaconda American Brass Co., 43 F.R.D. 452, 461 (E.D.Pa. 1968).
In the present case, the court never ruled on the request for class certification, but rather dismissed the action when Mrs. McClung wrote to the court requesting that it remove the McClungs as the named plaintiffs and dismiss the case. Even if the court's action dismissing the case were considered a ruling on the request for class certification, the motion to intervene was sufficient to protect the plaintiff class and require a further ruling on class certification.
We are of the opinion that the record before us supports the argument of the petitioners that the trial court did have jurisdiction of the class suit. Even though it is undisputed that Billy McClung died before the suit was filed, Mrs. McClung, as his widow, had certain rights to her husband's estate, including any refunds which may have been paid as a result of the suit. Also, in the complaint, it was averred that "[p]laintiffs [which included Mrs. McClung as widow of Billy McClung] and members of their class have incurred and paid taxes to Defendants arising out of the ad valorem assessment for taxes due and payable since October 1, 1978."
We recognize that the parties are in disagreement on whether Mrs. McClung actually authorized the lawsuit, and that she testified as follows at a hearing on the question concerning authorization to file the suit:
"BY THE COURT: Mrs. McClung, would you like to say anything?
 "MRS. McCLUNG: Well, I said just about what I have to say. But I did not like the idea of my husband's name being used after he had done passed away. And the week before he passed away Mr. Hunt called out there and I had to even carry the phone to him; he wasn't able to come to the phone. And I carried it to him and sat by him and held the phone while he talked to him. When he hung up, he said, that was my lawyer and he is going to get me some money back on my tax. And that was one week and he passed away Tuesday of the next week. And I think if he had of known all about this, which I have found out since, he wouldn't have wanted it in the first place. And I do not want anything to do with it."
Rule 9(a), Ala.R.Civ.P., provides as follows:
 "(a) Capacity. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."
We hold that the provisions of Rule 9(a) are applicable to any civil action, including class actions. The record in this case does not indicate that the capacity of the plaintiffs to institute the class action was challenged *Page 1347 
"by specific negative averment," as required by Rule 9(a).
We also hold that the trial court in its discretion must make a determination regarding class certification as soon as REVERSED AND REMANDED. practicable after the filing of a class action. If the refusal to certify the class is grounded on the inadequacy of the named class representative(s), then the appropriate persons may move to intervene as adequate representatives for the class and the running of the limitations period will be tolled from the filing of the class action until a final judicial determination regarding intervention and certification of the class.
Based on the foregoing, we hold that the trial court erred in finding that it did not have personal jurisdiction of the class action. We, therefore, reverse the judgment OF BIRMINGHAM RETIREMENT of the Court of Civil Appeals and remand for that court to order further proceedings AND RELIEF SYSTEM. consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
[1] In the complaint, Mr. McClung's name is spelled "Billie." In other documents his name is spelled "Billy." In this opinion, we will be using the name "Billy" to refer to Mr. McClung.
[2] The letter reads as follows:
"October 21, 1986
 "IN THE CIRCUIT COURT FOR COLBERT COUNTY STATE OF ALABAMA
 "IN RE: Mr. Mrs. Billy McClung, Plaintiffs vs. James White, et al., Defendants
Case No. CV-85-231
"TO WHOM IT MAY CONCERN:
"Please be advised that since the filing of the above styled case. Mr. Billy McClung has passed away and I, Annie Mae McClung, request the above suit be dismissed and our names be withdrawn from any and all legal documents concerning this case.
"Sincerely. "ANNIE MAE McCLUNG"