Gold Kist, Inc., petitions this Court for a writ of mandamus directing the trial court to set aside its order designating a class and certifying the plaintiffs' action as a class action. The petition is granted in part and denied in part.
The record presented to us indicates the following: Gold Kist is an agricultural cooperative engaged in the business of selling different kinds of animal feed to its farmer members throughout the Southeast. Gold *Page 1340 
Kist sells this feed in Alabama primarily through 14 retail stores located throughout the state. A single feed mill in Guntersville supplies a variety of feed to these retail stores. (This mill is hereinafter referred to as "the Guntersville feed mill.") Customers may purchase "bag feed" in small quantities directly from the retail stores, or they may place orders for bulk deliveries. Some orders for bulk deliveries are transmitted to the Guntersville feed mill, where the feed is loaded onto Gold Kist trucks and then delivered to the customers' farms. Some customers use their own trucks to pick up feed at the Guntersville feed mill. In addition to the Guntersville feed mill, Gold Kist also has another feed mill in Guntersville, as well as one in Jasper, both of which apparently sell only poultry feed.
The plaintiffs sued Gold Kist as individuals and also moved to certify their action as a class action on behalf of "all persons or entities who at any time purchased feed from Gold Kist's Guntersville [feed mill] and who paid for feed they did not receive by virtue of their feed being augured off by Gold Kist." The plaintiffs later filed an amended complaint in which they stated in the third paragraph that they were suing Gold Kist as individuals and "on behalf of a class of Alabama residents who, through transactions occurring at any time up to June 1, 1993, but not after, purchased and had bulk feeddelivered to them from a Gold Kist plant in Alabama." (Emphasis added.) They sought an accounting and sought damages for breach of contract and fraudulent suppression and sought damages under the doctrine of unjust enrichment. However, the plaintiffs alleged in the fifth paragraph of their amended complaint that Gold Kist had for over 30 years engaged in a practice ofloading its customers' trucks at Gold Kist mills in such a manner as to provide less bulk feed than they had purchased. This practice, the plaintiffs alleged, resulted in over charges to many of Gold Kist's customers over the years. Plaintiffs moved to have the trial court designate a class and to certify the action as a class action under Rule 23, Ala.R.Civ.P. Gold Kist opposed the motion, arguing that the plaintiffs' claims were actually based on allegations that Gold Kist had engaged in a pattern or practice of off-loading its own trucks in such a manner as to deliver less bulk feed to the customers' farms, and arguing that the plaintiffs had failed to establish the prerequisites to class action certification under Rule 23. After a hearing, the trial court entered an order specifically defining a class to include Gold Kist customers who had had feed delivered to their farms in Gold Kist trucks. That order provided, in pertinent part, as follows:
 "This matter came to be heard by the court on the plaintiffs' motion for class certification. This court has reviewed the pleadings, the court file, the plaintiffs' motion and defendant's responses thereto, has heard all the evidence in the form of deposition testimony, interrogatory answers from an earlier proceeding, and documents presented by the plaintiff. The defendant offers no evidence in opposition to plaintiffs' motion. Having further entertained briefs and oral argument of counsel, and the court having considered all of same carefully, the court orders and decrees that this action shall proceed as a class action, pursuant to Rule 23(b)(1), (2), and (3) of the Alabama Rules of Civil Procedure.
 "Accordingly, it is hereby ordered, adjudged, and decreed:
 "1) That the class in this action shall be composed and defined as set out hereinafter to be:
 "Each and every resident of the State of Alabama, who has at any time up to June 1, 1993, purchased and/or had bulk feed delivered to them from a Gold Kist plant in Alabama.
 "2) The court names the plaintiffs Garry Rowland, Jackie McCullar and Reda McCullar as representatives of the class, and finds that each is an appropriate class representative, and can fairly and adequately represent the interests of the class."
An order certifying an action as a class action is subject to review by way of a petition for a writ of mandamus. Ex parteBlue Cross Blue Shield of Alabama, 582 So.2d 469 (Ala. 1991). However, mandamus *Page 1341 
is not a writ of right; it is a discretionary writ, drastic and extraordinary in nature, to be issued only where there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) an absence of another adequate remedy; and 4) jurisdiction in the court from which relief is sought.Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala. 1990). In short, mandamus is not an appellate remedy for all seasons. This Court has issued its writ of mandamus upon petition of a defendant when a trial court certified a class action without any motion having been filed asking for a class to be designated or for the action to be certified and without any evidence, argument, or authorities being presented to satisfy the prerequisites for designation or certification; and when the trial court granted partial summary judgments for the plaintiffs on the issue of liability. Ex parte Blue Cross Blue Shield, supra.
Rule 23(a) provides four prerequisites to bringing a class action: 1) the class must be so numerous that joinder of all members is impracticable; 2) there must be questions of law or fact common to the class; 3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and 4) it must appear that the representative parties will fairly and adequately protect the interests of the class.
Rule 23(b) provides as follows:
 "An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
 "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 "(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 "(B) adjudications with respect to individual members of the class which would as a practicable matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."
In order to obtain class certification, the plaintiff must establish all of the criteria set forth in Rule 23(a) and one of the criteria set forth in Rule 23(b). Marshall Durbin Co.of Jasper, Inc. v. Jasper Utilities Board, 437 So.2d 1014
(Ala. 1983); Rowan v. First Bank of Boaz, 476 So.2d 44
(Ala. 1985); however, class certification is generally left to the sound discretion of the trial court. Ex parte Hayes,579 So.2d 1343 (Ala. 1991).
After carefully reviewing the petition, the record, and the briefs, we cannot say that Gold Kist has demonstrated a clear legal right to an order setting aside the trial court's order certifying this action as a class action. The record indicates that the trial court based its order, at least in part, on a number of depositions that had been taken in a previously dismissed federal action filed against Gold Kist by two of the plaintiffs, as well as on Gold Kist's answers to interrogatories that had been filed in that action. The depositions taken in the federal case, which were admitted into evidence in this case without objection by Gold Kist, are not included in the record presented to this Court; *Page 1342 
therefore, we have no way of knowing the nature of the deponents' testimony or whether the depositions were sufficient to satisfy the plaintiffs' burden of establishing compliance with Rule 23. Gold Kist's answers to interrogatories in the federal case, which are before us, do indicate that Gold Kist engaged in an off-loading practice, at least with respect to bulk feed purchased from its Guntersville feed mill and delivered to the customers' farms, that caused many customers to receive less feed than they had purchased. Stated differently, we simply cannot hold, based on the incomplete record before us and pursuant to our standard for reviewing mandamus petitions, that the trial court abused its discretion in certifying this action as a class action.
We note Gold Kist's contention that it may have an affirmative defense (particularly, a statute of limitations defense) to the contract claim of one of the named plaintiffs and that it may also have certain other defenses unique to another (i.e., defenses not generally applicable to the class). However, contrary to Gold Kist's contention, the possible existence of a defense unique to the claims of one or more of the named plaintiffs, although certainly relevant to the certification decision (i.e., relevant with respect to questions of commonality and typicality of the named plaintiffs' claims, as well as to questions of the overall adequacy of the plaintiffs' representation), did not require the trial court to deny certification. See 1 Newberg On ClassActions § 3.16 (3d ed. 1992) ("The class representative need not show a probability of success on the merits to maintain a class action. Some courts have held that a plaintiffs claim cannot be typical if it has some flaw not present in some or all of the claims of the class members, but most have held that an alleged defect in the plaintiff's claim, such as might be raised in a personal defense, must be resolved in a trial on the merits and will not preclude the maintenance [of] a class action"). See, also, Ex parte Hayes, supra, at 1345, wherein this Court stated that if a class representative ultimately cannot protect the interests of the class members, the running of the statutory limitations period is tolled so that an unnamed member of the class may either intervene or be named individually.[1]
However, we do agree with Gold Kist's contention that the class designated by the trial court was overly broad. Although, as previously noted, we are not privy to most of the evidence that was before the trial court, the transcript of the hearing nonetheless contains a concession by one of the attorneys for the plaintiffs that he had no evidence tending to show that any Alabama resident had been overcharged for feed purchased from the Jasper and Guntersville poultry feed mills. This concession was consistent with the motion for class action certification, which identified the class as "all persons or entities who at any time purchased feed from Gold Kist's Guntersville plant and who paid for feed that they did not receive by virtue of their feed being augured off by Gold Kist." Therefore, there was no evidentiary basis for designating the class so broadly as to include every Alabama resident who had, before June 1, 1993, purchased bulk feed from "a Gold Kist plant in Alabama."
Furthermore, Ala. Code 1975, § 7-2-725, provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." This section applies to "transactions in goods," § 7-2-102, and animal feed appears to fall within the definition of "goods" set out in § 7-2-105. However, § 7-2-102 provides that Article 2 does not "impair or repeal any statute regulating sales to . . . farmers." Therefore, although denial of class action certification was not required on the ground that Gold Kist may have a meritorious statute of limitations defense to the contract claim of at least one of the named *Page 1343 
plaintiffs, if the trial court finds that § 7-2-725 is applicable in this case, then the class must be limited, insofar as the contract claim is concerned, to those customers who purchased feed within four years preceding the filing of this action.
Finally, we note Gold Kist's contention that the allegedly improper off-loading practice could not have damaged those customers who had used their own trucks to pick up bulk feed at the Guntersville feed mill. However, the plaintiffs state on page five of their brief that "[e]ven when the class members used their own trucks to deliver the feed, they were still deceived and defrauded by [Gold Kist's] practice, pattern, and policy of charging the class members for feed they did not receive." We have not been presented with enough information concerning the loading procedure at the Guntersville feed mill to know which of the parties is correct. We can only say that if the evidence supports Gold Kist's contention in this respect, then the class needs to be further limited to those Alabama residents who purchased bulk feed from the Guntersville feed mill and had that feed delivered to their farms in Gold Kist trucks.
For the foregoing reasons, the writ is denied with respect to Gold Kist's request for an order directing the trial court to decertify the class action. However, the trial court is hereby directed to set aside its class designation and to limit the class to those Alabama residents who purchased bulk feed from the Guntersville feed mill, until such time as the plaintiffs broaden their request for class designation by amending their motion and make a sufficient evidentiary showing that other Gold Kist feed mills were involved in the allegedly improper off-loading practice. The trial court is further directed to determine the applicable statute of limitations with respect to the contract claim and to determine whether the alleged improper off-loading practice could have damaged those customers who have used their own trucks to pick up bulk feed at the Guntersville feed mill. After it has made these determinations, the trial court should further reconsider its class designation and define the class accordingly.
PETITION GRANTED IN PART AND DENIED IN PART.
SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.
ALMON, J., concurs in the result.
[1] We further note that our conclusion in this respect — that the possible existence of a defense unique to the claims of one or more of the named plaintiffs did not require the trial court to deny certification — appears to be consistent with the construction that would be placed on Federal Rule 23 by at least one panel of the Eleventh Circuit Court of Appeals. SeeRoss v. Bank South, N.A., 837 F.2d 980 (11th Cir. 1988), rehearing granted and opinion vacated, 848 F.2d 1132 (11th Cir. 1988), on rehearing, 885 F.2d 723 (11th Cir. 1989), cert. denied, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 287 (1990).