**George L. McCREE, et al., Plaintiffs,**

v.

**SAM'S CLUB, et al., Defendants.**

**No. CV–94–A–704–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Jan. 9, 1995.

Timothy C. Halstrom, George Lamar Beck, Jr., Beck & Travis, P.C., Montgomery, AL, for plaintiffs.

Aloysious Wayne Cleveland, pro se.

Barry V. Frederick, Charles A. Powell, III, Powell, Tally & Frederick, Birmingham, AL, for Sam's Club, a Div. of Wal–Mart Stores, Inc.

Charles A. Powell, III, Powell, Tally & Frederick, Birmingham, AL, for Wal–Mart Stores, Inc.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is now before the court on the request for class certification under Fed. R.Civ.P. 23(a) and 23(b)(2) filed by Plaintiffs, George McCree ("McCree"), Bobby Batiste ("Batiste"), Darren Nunn ("Nunn"), and

Aloysious Wayne Cleveland ("Cleveland") on November 28, 1994.

Plaintiffs filed this action on June 7, 1994, against Sam's Club, a Division of Wal–Mart Stores, Inc., and fictitious defendants. The complaint was amended on June 16 to add Wal–Mart Stores, Inc. as a defendant.[1] They allege violation of 42 U.S.C. § 2000e, *et seq.*, commonly known as Title VII of the Civil Rights Act of 1964, as amended. Plaintiffs seek injunctive relief, compensatory damages, attorneys' fees, and costs.

In their motion, Plaintiffs request certification of the following class:

All those members of the Negro or African–American race employed presently, in the past, or in the future by Sam's Club, a division of Wal–Mart Stores, Inc., who have not been selected for the Manager in Training program or who have not been promoted to assistant manager or manager positions within the States of Alabama, Tennessee, Georgia, Florida, Mississippi and Louisiana, for the years 1987 through the present, because they were members of the Negro or African American race.

*See* Plaintiffs' Motion for Class Certification at 1. Defendants oppose class treatment and contest the geographic and temporal scope of the definition. Both Plaintiffs and Defendants have submitted arguments to the court on the issue of class certification. In lieu of an evidentiary hearing, the court ordered the parties to submit affidavits, depositions and other evidence in support of their respective positions on the appropriateness of class certification. The court held a hearing on the Motion for Class Certification on January 3, 1995. For the reasons stated below, the court finds that Plaintiffs' request for class certification is due to be DENIED.

## II. BACKGROUND

In the instant case, Plaintiffs, all employees or former employees of Sam's,[2] contend that they were subjected to discrimination on the basis of their race during their employment. Specifically, they contend that they were denied promotion to the position of assistant manager, that they were denied admission into the Sam's Manager In Training Program ("MIT Program"), and that they were assigned to less favorable conditions of employment. They bring this action both individually and as representatives of similarly situated employees of Sam's.

Sam's operates stores throughout the United States, each with an individual store manager.

Plaintiffs' counsel admits that Plaintiffs do not argue that the corporate procedure by which Sam's employees are made eligible for promotion is in itself intentionally discriminatory. Rather, Plaintiffs contend that the promotion system lacks a check against intentional discrimination. Plaintiffs are concerned that in the absence of set objective standards for promotion store managers will be able to more readily engage in impermissible race discrimination. Plaintiffs further argue that race discrimination must in fact be taking place at Sam's because of the disparity between the percentage of African–American hourly wage workers and the percentage of African–American management personnel.

## III. CLASS CERTIFICATION STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certifying and maintaining a class action. The rule provides in relevant part:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the

---

1. Since there is no provision for fictitious party practice under federal law, it is ORDERED that the fictitious defendants are stricken. While the corporation itself is the proper defendant, a division not being a separate legal entity, the court will refer to the defendant as "Sam's" for the sake of clarity.

2. Sam's discharged McCree for misconduct and allowed Cleveland to resign. Batiste is an assistant manager in training in the Sam's store in Huntsville, Alabama. Nunn continues to work in the Sam's store in Montgomery, Alabama.

claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

Fed.R.Civ.P. 23. Thus, in order to maintain a suit as a class action, plaintiffs must show that the four prerequisites of Rule 23(a) have been met and that the provisions of one of the subdivisions of Rule 23(b) apply. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 n. 2 (11th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). In this case, the Plaintiffs contend that subdivision (2) of Rule 23(b) applies.

■■■ The burden of establishing the specific prerequisites to a Rule 23 action falls on those seeking to certify their suit as a class action. *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir.1984); *Bradley v. Harrelson*, 151 F.R.D. 422, 425 (M.D.Ala.1993). Furthermore, in determining whether the named plaintiffs have met their burden, the court's inquiry is limited to whether the requirements of Rule 23 have been satisfied; therefore, the court shall not consider the merits of the plaintiffs' claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974); *Kirkpatrick*, 827 F.2d at 722; *Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir.1984).

■■■ This principle, however, should not be invoked so rigidly as to artificially limit a trial court's examination of the factors neces-sary to make a reasoned determination of whether Rule 23 has been satisfied. *Love*, 733 F.2d at 1564. Accordingly, a court may look beyond the pleadings in determining whether a motion for class certification should be granted. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982); *Kirkpatrick*, 827 F.2d at 722.[3] A Title VII class action, like any other class action, may only be certified if the court is satisfied, after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. *Gilchrist*, 733 F.2d at 1555 (*citing Falcon*, 457 U.S. at 161, 102 S.Ct. at 2372).

## IV. DISCUSSION

Plaintiffs assert that they have satisfied the requirements of Rule 23. In support of their Motion for Class Certification they offer affidavits from McCree, Batiste, Nunn and Plaintiffs' counsel.[4] Plaintiffs also submit portions of the Defendants' interrogatory answers. These evidentiary submissions demonstrate the belief of McCree, Nunn and Batiste that they were "wronged" by the Defendants and that hundreds of employees of Sam's have been similarly "wronged." McCree and Batiste further estimate that during their time with Sam's there were at least fifteen employees who were not selected for the MIT program or promoted to manager or assistant manager because they were members of the African–American race. Moreover, the affidavits indicate that the Plaintiffs are willing to vigorously pursue this case. The portions of Defendants' interrogatory answers upon which Plaintiffs rely describe the qualification criteria for selection into the MIT Program and a description of the number of Sam's employees in the relevant region by race and position.

■■■ Defendants contend that Plaintiffs fail to demonstrate that they have standing to

---

**3.** "Determination of the question of whether a lawsuit may proceed as a class action is committed to the sound discretion of the district court, and its determination will not be overturned absent a showing that it has abused its discretion." *In re Dennis Greenman Securities Litigation*, 829 F.2d 1539, 1543–44 (11th Cir.1987). *See Califano v. Yamasaki*, 442 U.S. 682, 703, 99 S.Ct. 2545, 2558–59, 61 L.Ed.2d 176 (1979) (district courts have broad discretion concerning issues of class certification).

**4.** Plaintiffs' counsel's affidavit addresses the Rule 23 requirement of adequacy of class counsel. Defendants do not challenge class certification on this basis and the court will not address that requirement for class certification.

bring this suit as a class action. The law in this circuit is clear that

> [a]s with any private class action, the legitimacy of a private Title VII suit brought on behalf of a class depends upon the satisfaction of two distinct prerequisites. First, there must be an individual plaintiff with a cognizable claim, that is an individual who has constitutional standing to raise the claim (or claims) and who has satisfied the procedural requirements of Title VII. Second, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be fulfilled; in other words, the individual plaintiff must be qualified to represent the members of the class in accordance with the four prerequisites of Rule 23(a) and the action must be one of the three types Rule 23(b) identifies. We emphasize that any analysis of class certification must begin with the issue of standing and the procedural requirements of Title VII.

*Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir.1987) (footnotes omitted), *cert. denied,* 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988).

■ Standing to sue requires a plaintiff to allege and demonstrate that he personally suffered injury and that the defendant's action caused the injury or that the prospective relief will remove the harm. *Id.* at 1482–83. In a Title VII action, for example, a plaintiff who can show that his employer discriminated against him on the basis of his race and who has met the Title VII filing requirements has standing to sue. *See, Jones v. Firestone Tire & Rubber Co.,* 977 F.2d 527, 531 (11th Cir.1992).

While it is not apparent from the evidentiary submissions that these plaintiffs are a part of the class for which they seek certification, the allegations of the complaint do support the standing of some of the named plaintiffs. Thus, the court will assume that they have the requisite standing to bring this suit.

■ Plaintiffs have not offered sufficient evidence, however, that their claims meet the requirements of Rule 23(a). As previously discussed, the first requisite of Rule 23(a) is that "the class [be] so numerous that joinder of all members is impracticable." Fed. R.Civ.P. 23(a)(1). In *Garcia v. Gloor,* 618 F.2d 264, 267 (5th Cir.1980), *cert. denied,* 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981), the former Fifth Circuit recognized that the core of the numerosity requirement is "practicability of joinder, not number of interested persons per se."[5] Practicability of joinder depends on size of the class, ease of identifying its members and determining their addresses, facility of making service on them if joined and their geographic dispersion. *Id.* (citations omitted).

In the case at bar, Plaintiffs have made various conclusory allegations about the size of the class. In their brief filed before the hearing, Plaintiffs alleged that there are several hundred members in this class, but acknowledged that the exact size of the proposed class is unknown. A thorough review of the record, however, reveals that Plaintiffs produced no evidence to support these allegations regarding the size of the class. Despite extensive discovery, Plaintiffs fail to enumerate any other individuals who fall within the class definition. In their affidavits, they merely state in conclusory fashion that they were "wronged" by Sam's and that they believe others have been similarly "wronged."

In fact, the primary evidence submitted on the numerosity issue has been the estimations of the class size made by the named Plaintiffs. The observations of the named Plaintiffs indicate that there are at least fifteen class members presently employed by Sam's in the State of Alabama alone. *See,* McCree Aff.; Batiste Aff. Plaintiffs also rely on raw statistical data. Plaintiffs contend that there must be a discriminatory practice and policy creating the apparent disparity between the percentage of African–American managers and African–American hourly workers. Without analysis, these raw statistics do not establish a practice and policy of impermissible discrimination.

---

**5.** In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

Clearly, a class comprised of fifteen members is not so numerous that joinder of all members is impracticable. *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.) (citation omitted) ("while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'"), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Garcia,* 618 F.2d at 267 (class of thirty-one not so numerous that joinder impractical). *See also Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 131–32 (1st Cir.1985), *cert. denied,* 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986).

Accordingly, the court finds that Plaintiffs have failed to satisfy the requirements of Rule 23(a)(1) and that their request for certification is due to be denied for failure to establish numerosity.

Even if the numerosity requirement could be said to have been met in this case, however, class treatment is not appropriate where, as here, Plaintiffs cannot show that the other requirements of 23(a) have been met. Given that the Plaintiffs offer scant evidence and conclusory allegations in support of their Motion for Class Certification, the court finds that Plaintiffs would not survive the mandatory rigorous application of the other 23(a) requisites. The "mere allegation of racial discrimination cannot answer the questions posed by Rule 23(a) or define the class which may be certified[.]" *Griffin,* 823 F.2d at 1486. As the Supreme Court has explained,

[c]onceptually, there is a wide gap between (a) an individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class claims.

*Falcon,* 457 U.S. at 157, 102 S.Ct. at 2370. Plaintiffs offer no evidence from which the court could conclude that there exists a class of persons who have suffered the same injury

alleged suffered by McCree, Batiste, Nunn, and Cleveland. For example, Plaintiffs repeatedly emphasize that this suit is not just about the actions of the managers in the Montgomery Sam's store, and yet, they offer no evidence of class members from other stores who were not promoted because of their race.

Plaintiffs' primary contention during oral argument had to do with the manner by which an employee becomes eligible for Sam's MIT Program. Basically, each store manager determines the criteria by which employees of that store become eligible, and employees deemed eligible then, in effect, compete with employees of other stores nationwide for management positions. Plaintiffs do not attempt to show that this policy is in itself racially discriminatory, but merely argue that it must allow for discriminatory practices by local stores because of the raw statistics furnished. Such speculation does not satisfy the court that this case is an appropriate one for class action.

If these Plaintiffs have been subjected to unlawful discrimination by the store for which they worked, they will be entitled to full relief. If the national practice complained of is shown to be racially discriminatory to these Plaintiffs in its application, then equitable relief with national impact is possible even without class certification. The evidence before the court fails to show that a class action is necessary or appropriate.

## V. CONCLUSION

The court finds that Plaintiffs have failed to satisfy their burden of establishing that the requirements of 23(a) have been met. For the foregoing reasons, the court finds that Plaintiffs' request for class certification is due to be and is hereby DENIED.