Green Tree Financial Corporation petitions for a writ of mandamus directing the trial court to set aside or modify its order certifying the counterclaim filed by the plaintiffs, Elbert J. Kilpatrick and Barbara J. Kilpatrick, as a class action and designating a class. We grant the petition.
On January 4, 1993, Green Tree filed a detinue complaint in the Circuit Court of Marengo County, against Elbert and Barbara Kilpatrick, claiming that the Kilpatricks *Page 1304 
had defaulted on their mobile home installment contract with Green Tree. On February 12, 1993, the Kilpatricks filed a counterclaim on behalf of themselves and all those similarly situated, naming American Bankers Insurance Company of Florida as a counterclaim defendant along with Green Tree.
The original counterclaim sought certification of a class composed of Alabama residents who had loan agreements with Green Tree and who had had physical damage insurance "force placed" on the collateral. The Kilpatricks amended their counterclaim to seek damages against Green Tree and American Bankers for breach of contract (alleging that those defendants had charged and collected excessive premiums for physical damage insurance); breach of an implied contract to exercise reasonable skill, care, and diligence in providing insurance; breach of a duty of "good faith and loyalty" (regarding the alleged placement of useless or unauthorized insurance); fraud; civil conspiracy; negligence; and wantonness.
The original motion for class certification was amended by a motion filed September 22, 1995, which sought certification of a class consisting of the following:
 "All persons who: (a) during the last six (6) year period immediately preceding the filing of this action; (b) were a party to a loan agreement with Green Tree Financial Corp.; (c) had a policy of accidental physical damage insurance placed on the collateral securing the loan by defendant for whatever reason; and (d) were charged, paid or owe(d) [sic] any amount for the insurance premiums and/or related finance charges as a result of the insurance force-placed by Green Tree."
Extensive briefing and argument ensued, which Green Tree characterizes as being wholly insufficient to show that common issues of law and fact exist among the members of the purported class. More specifically, Green Tree contends that the Kilpatricks, to support their motion for class certification, introduced scant extracts from the deposition of Mrs. Kilpatrick and, Green Tree says, in them she failed to allege facts pertinent to the issue of class certification. She additionally claimed in her deposition to be financially unable to fund class notices. The only other evidence offered by the Kilpatricks in support of the motion consisted of Green Tree's responses to the Kilpatricks' requests for admissions. Green Tree's responses, however, were primarily denials and did not establish facts required for class certification.
On November 15, 1995, the trial court conducted a class certification hearing. The Kilpatricks offered no additional evidence at the hearing. The parties were permitted, however, to make supplemental submissions after the hearing. The Kilpatricks thereafter sent the trial judge a letter, enclosing with it nonauthenticated copies of a Green Tree annual statement and several pages from a NADA price guide on mobile homes in order to show the extent of Green Tree's involvement in mobile home sales and property insurance.
On January 31, 1996, after the evidentiary hearing on the motion for class certification and after reviewing the pleadings, interrogatories, and depositions, the trial court certified two nationwide subclasses as follows:
"Subclass A:
 "All persons who at any time during the six (6) years prior to the filing of the original counterclaim (February 12, 1993) were a party to a loan agreement with Green Tree Financial Corporation, had a policy of collateral protection insurance placed on the collateral securing the loan to Green Tree Financial Corporation for whatever reason, and were charged, paid or owe(d) [sic] any amount for the insurance premiums and/or related finance charges as a result of the insurance placed or obtained by Green Tree Financial Corporation.
"Subclass B:
 "All persons who at any time during the six (6) years prior to the filing of the original counterclaim (February 12, 1993), were a party to a loan agreement, had a policy of collateral protection insurance placed on collateral securing said loan, which insurance was written by American Bankers Insurance Company of Florida, and were charged, paid, or owe(d) [sic] any amount for the insurance premiums and/or *Page 1305 
related finance charges as a result of insurance written by American Bankers Insurance Company of Florida."
Although the order designates two sub-classes and states that the requirements of Rule 23(a), Ala.R.Civ.P., regarding numerosity, commonality, typicality, and adequate representation had been met, the order does not clearly specify under which of the subsections of Rule 23(b) the class has been certified. As to that issue, the order states simply:
 "[U]nder the Counter-Plaintiffs' allegations, the Defendants have acted or refused to act on grounds generally applicable to the class. Maintenance of this action as a class action pursuant to Rule 23 of the Alabama Rules of Civil Procedure is superior to any other means of adjudicating the claims herein raised. It is therefore hereby considered, ordered, and adjudged that this case be certified as a class action pursuant to Rule 23, A.R.Civ.P. . . ."
Green Tree contends that the trial court abused its discretion by certifying a nationwide class. Green Tree petitions for a writ of mandamus directing the trial judge (a) to vacate his order certifying two subclasses of plaintiffs or (b) in the alternative, to more narrowly define the class so as to limit it to Alabama residents and to clarify whether the class is of the type described in Rule 23(b)(1), the type described in (2), or the type described in (3).
An order certifying an action as a class action is subject to review by way of a petition for a writ of mandamus. Ex parteBlue Cross Blue Shield of Alabama, 582 So.2d 469 (Ala. 1991);Ex parte Gold Kist, Inc., 646 So.2d 1339 (Ala. 1994). A writ of mandamus is drastic and extraordinary in nature, to be issued only where there is 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) an absence of another adequate remedy; and 4) jurisdiction in the court from which relief is sought. Ex parte State ex rel. McKinney,575 So.2d 1024 (Ala. 1990); Gold Kist. In other words, "mandamus is not an appellate remedy for all seasons." Gold Kist, 646 So.2d at 1341; see Ex parte Slade, 382 So.2d 1127 (Ala. 1980).
This Court has previously considered similar questions of whether a writ of mandamus should issue to decertify or modify a class. In 1991, this Court issued a writ of mandamus in favor of Blue Cross and Blue Shield of Alabama directing that the trial court set aside its order designating a class and certifying the action as a class action. Blue Cross, supra.
This Court held that the trial court had abused its discretion by certifying a class action without any party's having moved for class certification and without sufficient evidence to satisfy the prerequisites for designation and certification set forth in Rule 23(a) and (b) respectively. 582 So.2d at 476-77. Justice Houston stated for the Court:
 "The trial court rushed to judgment in designating the class. The designation was made . . . without any evidence being presented to satisfy the prerequisites for designation set out in Rule 23(a).
". . . .
 "The trial court rushed to judgment in certifying this as a class action and, in doing so, abused its discretion in certifying this as a class action under Rule 23(b)(2); that abuse of discretion requires this Court to reverse the trial court's order certifying this 'as a class action under Rule 23(b)(2).' "
582 So.2d at 476-77. The uncontested evidence in Blue Cross
established that the class representatives lacked an injury typical of the class and therefore lacked standing to assert claims on behalf of the class. Id. at 474-75. The evidence further failed to establish that the plaintiffs would "fairly and adequately protect the interests of the class." Id. at 473. Consequently, it was insufficient to certify the class.
In 1994, this Court issued a writ of mandamus in Gold Kist, supra, directing that the trial court set aside its class designation and limit the class to certain Alabama residents. The Court held that the trial court had not abused its discretion by certifying the action as a class action, but that the class designation was "overly broad" and needed adjustment. *Page 1306 
646 So.2d at 1343. The Court based its holding upon the transcript of the class hearing, at which one of the attorneys for the plaintiffs conceded that "he had no evidence tending to show that any Alabama resident had been overcharged for feed purchased from the Jasper and Guntersville poultry feed mills." 646 So.2d at 1342. "Therefore," the Court held, "there was no evidentiary basis for designating the class so broadly as to include every Alabama resident who had, before June 1, 1993, purchased bulk feed from 'a Gold Kist plant in Alabama.' " 646 So.2d at 1342. The Court directed that
 "the trial court . . . set aside its class designation and . . . limit the class to those Alabama residents who purchased bulk feed from the Guntersville feed mill, until such time as the plaintiffs broaden their request for class designation by amending their motion and make a sufficient evidentiary showing that other Gold Kist feed mills were involved in the allegedly improper off-loading practice."
Id. at 1343. In Gold Kist, the defendants petitioned for a writ of mandamus after a class hearing and after the court had certified the action as a class action.
In February 1996, this Court, in Ex parte Central Bank,675 So.2d 403 (Ala. 1996), granted in part a petition for a writ of mandamus, holding that the petition could not be used to review the trial court's ruling on the merits of the class representative's underlying claim, but that the plaintiff class was overly broad and had to be narrowed. Unlike the petitioner in Blue Cross, Central Bank argued in its case that the representative lacked standing to represent the class because "she has failed to 'demonstrate that there was [a] material breach of the agreement by Central Bank.' " Id. at 406. The Court denied the petition in part, based upon this argument, because " 'mandamus cannot be used as a substitute for appeal' " and, "[t]hus, a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment."Id. at 406 (citations omitted).
While expressing a desire "not to be understood as invading the role of the trial court in matters involving its discretion," id. at 407, this Court nevertheless directed that the trial court narrow the class to exclude customers whose contracts did not suffer the deficiency alleged to form the basis of the underlying action. Id. at 407. The trial court was directed "to vacate its class designation to the extent that it includes such customers as Central Bank shall demonstrate, through the production of its relevant records, received [appropriate] CD disclosure statements." Id. at 407. Central Bank filed its petition for a writ of mandamus after the trial court had approved both the class and class notice requirements and had denied Central Bank's motion for an evidentiary hearing on the issue of the class certification.
In May 1996, this Court, in Ex parte Exide Corp.,678 So.2d 773 (Ala. 1996), issued a writ of mandamus in favor of Exide Corporation, directing the trial court to decertify the plaintiff class because "the trial court [had] abused its discretion in certifying the class." 678 So.2d at 777. The Court's concern focused on its inability to find in the record any evidence that any named plaintiff had purchased a particular battery with a warranty that provided the basis of the underlying claim. 678 So.2d at 777. Looking to Ex parteHayes, 579 So.2d 1343, 1345 (Ala. 1991), the Court based its holding in part upon the fact that the named plaintiffs seeking to represent the class had failed to establish the requisite case or controversy required to seek relief on behalf of the class. 678 So.2d at 777. Additionally, the named plaintiffs had not carried their burden of proving that their claims were typical of the claims of the class they sought to represent. 678 So.2d at 777. The mandamus petition came after a hearing on class certification and after the trial court had orally certified the action as a class action.
In June 1996, this Court decided Ex parte Masonite Corp.,681 So.2d 1068 (Ala. 1996). Masonite, by petitioning for a writ of mandamus and for permission to appeal, sought to have a class certification set aside, the circuit judge recused, and the plaintiffs' attorneys disqualified, all on the basis of what Masonite contended were improper contacts between *Page 1307 
the circuit judge and the plaintiffs' attorneys. This Court denied the petitions.
Masonite is distinguishable from this case for two reasons. First, the majority's opinion in Masonite and the substance of its analysis focused on the allegations of ex parte communications and not on class certification issues. Second, writing for the Court, Justice Almon stated correctly that "Judge Kendall's order is preliminary, and appellate courts do not review preliminary orders in class actions absentcompelling reasons to do so." 681 So.2d 1068 (emphasis added). Compelling reasons were absent in Masonite, but they are present in this case.
Masonite presented no compelling reasons, because the trial court had had sufficient evidence to certify the action as a class action. For example, the trial court initially granted conditional certification of a nationwide class; proceeded with seven months of class certification discovery; entertained an extensive evidentiary hearing on the class action issues, including post-hearing letter briefs regarding the issues raised during the hearing; and, finally, issued a thorough order of 12 fact-filled pages certifying the class under Rule 23(a) and clearly indicating the class designation under Rule 23(b)(3). The order extensively addressed each of the prerequisites for certification.
In contrast, the trial court in this case has entered an order based upon little or no evidentiary underpinnings. The order merely parrots the formulaic language of Rule 23(a). Moreover, respecting Rule 23(b), the trial court has apparently created both a mandatory class pursuant to Rule 23(b)(2) and an "opt-out" class pursuant to Rule 23(b)(3). Such differences in evidentiary foundation and clarity clearly distinguish this case from Masonite. Therefore, the Kilpatricks' contention thatMasonite requires the denial of Green Tree's petition is without merit. Additionally, granting the petition in this case is consistent with Masonite. The same rationale applies in this case as in Masonite: that before a writ of mandamus will issue, compelling reasons must exist. In this case the insufficient evidentiary foundation and the ambiguity of the trial court's order supply the compelling reasons.
The case law review set out above persuades us that a writ of mandamus should issue to require the trial court to set aside the order certifying this action as a class action and designating a class. While the Kilpatricks argue that the posture of this case does not warrant the issuance of a writ of mandamus, the posture of this case is similar to that ofGold Kist and Exide because, as in those cases, the petition here was filed after a class certification hearing. Blue Cross
and Central Bank further support our conclusion that the writ should issue in this case. The Court in those cases issued a writ even though the petitioners filed their petitions before the trial court had conducted any hearing whatever on class certification.
Because a hearing has been held in this case and class certification has been ordered, there is no other adequate remedy. Green Tree requested the trial court not to certify the class, but the trial court refused the request. Because this Court's jurisdiction is not at issue, the only remaining element required for a writ of mandamus to issue is the existence of a clear legal right in the petitioner to the order sought.
As set forth in Blue Cross and Gold Kist, the one against whom certification has been entered has a clear legal right to a writ directing that the class action certification be set aside if the party seeking class action certification failed to carry the burden of producing sufficient evidence to satisfy the requirements of Rule 23 — in the event of such a failure, the trial court's certification of the action as a class action constitutes an abuse of discretion. See Blue Cross, 582 So.2d at 476-77; Gold Kist, 646 So.2d at 1341-42.
The discussion now turns to the evidence, which, like the evidence in the other cases discussed above, shows that the trial court's certification of the action as a class action was premature and was based upon evidence insufficient to satisfy the requirements of Rule 23, Ala.R.Civ.P. Rule 23(a) establishes prerequisites for a class action:
 "One or more members of a class may sue or be sued as representative parties on *Page 1308 
behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
An action may be maintained as a class action only if the prerequisites of Rule 23(a) are satisfied and any one of the three additional elements of Rule 23(b) exists. The elements of (b) are:
 "(1) the prosecution of separate actions by or against individual members of the class would create a risk of
 "(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 "(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
 "(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
 "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; [and] (D) the difficulties likely to be encountered in the management of a class action."
The prerequisites of Rule 23(a) must be satisfied before the court considers the additional criteria of Rule 23(b). BlueCross, supra, 582 So.2d 469; Rowan v. First Bank of Boaz,476 So.2d 44 (Ala. 1985). The party seeking certification of an action as a class action bears the burden of proof as to each of those prerequisites. Rowan. The burden is one of presenting "sufficient evidence" to satisfy the requirements of Rule 23.Blue Cross, 582 So.2d at 476; Marecek v. BellSouthTelecommunications, Inc., 49 F.3d 702, 706 (11th Cir. 1995) (finding sufficient evidence to support the district court's determination that the numerosity requirement of Rule 23(a)(1), Fed.R.Civ.P., was met); McCree v. Sam's Club, 159 F.R.D. 572,576 (M.D.Ala. 1995) (holding that the plaintiffs had not offeredsufficient evidence that their claims met the requirements of Rule 23(a)). Additionally, the trial court's order cannot be ambiguous with respect to which of the Rule 23(b) criteria is found to exist:
 "Rule 23(c) provides for a determination by the court as to compliance with Rule 23(a) and (b). Such determination must identify just which of the 'fifth ingredient' criteria is present because provision for notice to the class varies depending upon which ingredient under Rule 23(b) is relied upon."
Committee comments on 1973 adoption of Ala.R.Civ.P. 23(c) (emphasis added).
The Kilpatricks had the burden of demonstrating by sufficient evidence that the four prerequisites of Rule 23(a), Ala.R.Civ.P., were met and that at least one of the prerequisites of Rule 23(b) was met. To satisfy this burden, the Kilpatricks offered the allegations in their amended counterclaim and amended motion for class action. They offered nine pages of Mrs. Kilpatrick's deposition testimony, in which she affirmed her interest in being a class representative but claimed not to have the financial resources to fund class notices. This testimony did not relate to any substantive class issues, such as typicality of claims, numerosity, or other criteria of Rule 23(a). The Kilpatricks offered Green Tree's responses to the Kilpatricks' *Page 1309 
requests for admissions. Those responses, however, were primarily denials of the things the Kilpatricks asked Green Tree to admit. There were no admissions of any facts relevant to the class certification issue.
The Kilpatricks presented no additional evidence at the class certification hearing conducted on November 15, 1995, other than a letter to the trial judge from their counsel (submitted after the hearing but before the issuance of the certification order), with which were enclosed nonauthenticated copies of a Green Tree annual statement and several pages from an NADA price guide on mobile homes. That evidence is insufficient to certify this action as a class action and designate a class. The trial court's order is also ambiguous with respect to which of the Rule 23(b) criteria the court found to exist. Consequently, we must conclude that the trial court abused its discretion; that abuse of discretion gives Green Tree a clear legal right to the order sought. Blue Cross, supra; Gold Kist, supra.
Although the trial court's certification of this action as a class action and designation of a nationwide class were premature, a class action may be certified and a class designated if the Kilpatricks present the trial court sufficient evidence to satisfy the requirements of Rule 23. The record before us does not permit us to determine to what degree, if any, a class action should be certified and a class designated. It does not contain evidence sufficient for us to determine whether a class of Alabama plaintiffs would be too narrow, or whether a class of nationwide plaintiffs would be too broad, or if a class action is maintainable in the first instance.
After carefully reviewing the petition, the record, and the briefs, we conclude that Green Tree has demonstrated a clear legal right to an order directing the trial court to set aside its order certifying this action as a class action and designating a nationwide class. While further evidence might support the certification of this action as a class action and might support the designation of a nationwide class, the evidence now in the record does not.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.
BUTTS, J., dissents.