715 So.2d 196 (1997)
Ex parte MERCURY FINANCE CORPORATION OF ALABAMA.
(Re Waymon PRYOR, et al.
v.
AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, et al.).
1950868.
Supreme Court of Alabama.
December 16, 1997.
*197 Robert A. Huffaker and F. Chadwick Morriss of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for Mercury Finance Corporation of Alabama.
C.C. Torbert, Jr., Jarred O. Taylor II, and William B. Wahlheim, Jr., of Maynard, Cooper & Gale, P.C., Montgomery and Birmingham, for Mercury Finance Company.
Michael L. Bell and Wynn M. Shuford of Lightfoot, Franklin & White, L.L.C., Birmingham; and Jorden, Burt, Berenson & Johnson, L.L.P., Miami, Florida, for American Bankers Insurance Company of Florida.
George L. Beck, Jr., W. Terry Travis, and David B. Bryne III of Beck & Travis, P.C., Montgomery; Warren Rowe, Enterprise; Gareth A. Lindsey, Elba; Joe C. Cassady, Jr., Enterprise; L. Merrill Shirley, Elba; J. Michael Druhan and James C. Johnston, Mobile; John W. Sharbrough and E. Mark Ezell, Mobile; and Richard D. Yelverton, Mobile, for respondents.
MADDOX, Justice.
Mercury Finance Corporation of Alabama ("Mercury") seeks a writ of mandamus directing Judge Thomas E. Head, of the Coffee Circuit Court, (1) to vacate his October 2, 1995, order determining that venue of a certain action was proper in the Elba Division of Coffee County and to transfer the action to the Enterprise Division of Coffee County; and (2) to vacate his November 14, 1995, order conditionally certifying three classes of plaintiffs.
Waymon Pryor, Teresa Betts, Diana Butts Bouiye, Willie Bouiye, Carol Sanders, and Ronald Walden filed this action against Mercury and American Bankers Insurance Company of Florida ("American Bankers") in the Elba Division of the Circuit Court of Coffee County. The plaintiffs later amended their complaint to substitute Mercury Finance Company ("Mercury Finance"), the parent corporation of Mercury, for a fictitiously named defendant. The alleged underlying facts are that the plaintiffs purchased automobiles financed through Mercury and Mercury Finance or purchased motor vehicles *198 from various automobile dealerships that assigned to Mercury commercial paper from the plaintiffs.
Based on these financial arrangements, the plaintiffs allege various acts of fraud and wrongful conduct against the defendant corporations. The plaintiffs seek damages based on 1) civil conspiracy to defraud and to violate state insurance laws, 2) fraudulent misrepresentation, and 3) violations of various portions of the Alabama Mini-Code.
The plaintiffs subsequently filed a motion, and then an amended motion, for class certification. The motions sought certification of three classes:
"(1) All persons within the State of Alabama whose retail installment contracts include a finance charge disguised or defined as a dealer discount, dealer reserve, holdback or additional sum added to the contract as a cost of doing business with Mercury[;]
"(2) All persons within the State of Alabama who became indebted to Mercury and against whose account any charge was made for purchase of single interest insurance[; and]
"(3) All persons within the State of Alabama who became indebted to Mercury Finance Corporation of Alabama, Mercury Finance Company of Illinois and American Bankers Insurance Company of Florida and against whose account any charge was made for the purchase of credit life insurance, including but not limited to, life, disability, household goods, unemployment or other credit life insurance."
A large number of the persons who would have been members of the proposed classes were already included in a class certified in an action pending in Fayette County. See Ex parte American Bankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala.1997). The representative plaintiffs in the Fayette County action intervened in this proceeding and sought a stay of the class certification in this action. Subsequently, the trial court granted the plaintiffs' motion and conditionally certified the three classes, excepting from those classes only the members of the class previously certified in the Fayette County action.
Mandamus is an extraordinary and drastic writ, and certain criteria must be met for the writ to be issued. A writ will be issued only when there is (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this court. Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990).
Mercury contends that the trial court abused its discretion in determining that venue was proper in the Elba Division of Coffee County and in denying its motion to transfer the action to the Enterprise Division of Coffee County. Because Mercury failed to show a clear legal right to the relief sought, we decline to address the venue issue; however, we do address Mercury's main contention that the trial court abused its discretion in conditionally certifying the three classes.
Mercury argues that in order to properly certify these classes, the trial court must comply with the requirements of Rule 23, Ala. R. Civ. P. It contends that the trial court not only failed to conduct a rigorous analysis of the prerequisites, as required by Rule 23, but simply improperly presumed that the plaintiffs had met their burden and shifted to the defendants the obligation to demonstrate that the classes should not be certified. We agree.
Because due process rights of the parties are implicated in the certification process, a full evidentiary demonstration and legal analysis are "indispensable for each of the prerequisites for certification under Rule 23." General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 157, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982); Ex parte Gold Kist, Inc., 646 So.2d 1339, 1341 (Ala.1994). In Falcon, the United States Supreme Court stated that before certifying a class the trial court must be "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." 457 U.S. at 155, 102 S.Ct. at 2369. Under Rule 23(a), the prerequisites to a class action are:

*199 "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
The plaintiff must prove each of these prerequisites through competent probative evidence. See, e.g., Ex parte Blue Cross & Blue Shield of Alabama, 582 So.2d 469, 475 (Ala.1991).
The trial court's order conditionally certifying the three classes makes no mention of any of the four prerequisites for class certification. As this Court stated in Ex parte American Bankers Life Assurance Co. of Florida, 715 So.2d 186 (Ala.1997):
"[E]very [class certification] order must provide a rigorous analysis of the four elements of Rule 23(a). At a minimum, the order must identify each of the four elements and explain how the proponents of the class certification have met their burden of proving those elements."
715 So.2d at 188. Because the trial court failed to address in its order any of the prerequisites for class certification, and failed to address how the plaintiffs met those prerequisites, we hold that it abused its discretion in conditionally certifying the classes. Therefore, we grant the mandamus petition in part and direct the trial court to withdraw its order conditionally certifying the classes. If the trial court conditionally certifies another class, it must address each prerequisite of Rule 23(a) and explain in detail how the proponents of the class certification have met each prerequisite.
PETITION GRANTED IN PART AND DENIED IN PART.
HOOPER, C.J., and HOUSTON[1] and SEE, JJ., concur.
ALMON, SHORES, KENNEDY, and COOK, JJ., concur in the result.
KENNEDY, Justice (concurring in the result).
I concur in the result. See my opinion concurring specially in Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala. 1997).
COOK, Justice (concurring in the result).
See Ex parte First National Bank of Jasper, 717 So.2d 342 (Ala.1997), which thoroughly addresses the concerns raised by the class-action litigants in this case regarding the necessity of conditional certification to ensure that the court will not be ousted of its jurisdiction by the subsequent filing in another court of a complaint containing identical class allegations.
ALMON and SHORES, JJ., concur.
NOTES
[1] Justice Houston was not present at the oral arguments, but, on August 22, 1997, he listened to the tape of the oral arguments.