Green Tree Financial Corporation, the counterclaim defendant in an action pending in the Marengo Circuit Court, seeks a writ of mandamus directing that court to vacate its August 12, 1997, order, certifying a nation wide class of plaintiffs and an Alabama subclass. We grant the writ.
 I.
Green Tree Financial Corporation ("Green Tree") executed a contract with Elbert Kilpatrick and his wife Barbara Kilpatrick by which Green Tree lent the Kilpatricks money to purchase a mobile home in Mississippi. The contract granted Green Tree a security interest in the mobile home, and it required that the Kilpatricks maintain physical damage insurance for the mobile home. The contract provided that, if the Kilpatricks failed to keep the mobile home insured, Green Tree would purchase collateral protection insurance (CPI) and charge the cost of the insurance to the Kilpatricks' account.
The Kilpatricks subsequently failed to maintain insurance on the mobile home, and Green Tree purchased a CPI policy from American Bankers Insurance Company of Florida ("American Bankers"). The Kilpatricks ultimately defaulted on the installment contract, and Green Tree filed a detinue complaint against them, seeking possession of the mobile home. The Kilpatricks counterclaimed, alleging that Green Tree had improperly "force-placed" the CPI policy on their account and that the policy amount was excessive because it insured the mobile home for its purchase price, rather than for its depreciated value. The Kilpatricks sought damages on claims of fraud, breach of contract, breach of duty, civil conspiracy, negligence, and wantonness. The Kilpatricks also sought certification of a plaintiff class composed of Alabama residents who had purchased mobile homes through loan agreements with Green Tree and who had had physical damage insurance force-placed on the collateral in an amount equal to the original sale price of the mobile homes.
The Kilpatricks subsequently amended their counterclaim, restating their claim alleging breach of contract; and adding claims alleging breach of an implied contract to exercise reasonable skill, care, and diligence in providing insurance; and breach of a duty of "good faith and loyalty" relating to an alleged placement of useless or unauthorized insurance. The Kilpatricks amended their *Page 8 
counterclaim a second time to seek certification of a nationwide class of (1) all persons who had been charged for force-placed insurance, regardless of whether the amount insured was the sale price of the mobile home or was some other figure, and (2) all persons who had been charged for, but had not paid for, force-placed insurance.
After a hearing, the trial court entered an order conditionally certifying the class.[1] Green Tree petitioned this Court for a writ of mandamus directing the trial court to vacate the certification order, arguing that the Kilpatricks had not met the criteria set out in Rule 23, Ala. R. Civ. P., for the certification of a class. We granted the petition in Ex parteGreen Tree Financial Corp., 684 So.2d 1302 (Ala. 1996), holding that the trial court had failed to make the findings necessary to determine whether the class should be certified under Rule 23 (a) and that the Kilpatricks had failed to present evidence sufficient "to determine whether a class of Alabama plaintiffs would be too narrow, or whether a class of nationwide plaintiffs would be too broad, or if a class action is maintainable in the first instance." 684 So.2d at 1309.
In response to that 1996 opinion of this Court, the trial court set aside its order certifying the class. The Kilpatricks subsequently renewed their motion for class certification, but they altered the motion to broaden the scope of the purported class, seeking certification of a nationwide class of persons who had loans with Green Tree, not limited to persons who had force-placed insurance. Green Tree opposed the motion, pointing out that, under applicable conflict-of-law rules, the court would have to determine and apply the law of all 50 states for each of the Kilpatricks' claims in order to resolve the claims of the nationwide class. Green Tree further argued that, whatever the outcome of the Killptricks' class certification motion, the class definition they had proposed was impermissibly overbroad because it purported to include persons who did not have force-placed insurance and to include persons whose claims had arisen outside the applicable limitations period of their own states. Green Tree also emphasized that the motion purported to include a large number of persons who had arbitration agreements in their installment sales contracts and had thus, at least arguably, contracted to arbitrate, rather than to litigate, their claims against Green Tree.
The trial court subsequently granted the Kilpatricks' motion, holding, in pertinent part:
 "The parties have conducted considerable discovery on the class issues after the Supreme Court's decision and mandate in this case. . . . In this Court's opinion, the Plaintiffs have borne their `burden of proof as to each of [the] prerequisites' of Rule 23 (a) and of the applicable portion of Rule 23 (b).
 "The court finds that substantial evidence exists for all of the requirements of Rule 23 of the Alabama Rules of Civil Procedure. Numerosity is not disputed by the Defendant Green Tree, as the class is sufficiently numerous such that joinder of all putative class members is impracticable.
 "The Court finds that there are substantial questions of law and fact common to the class. Plaintiffs' principal allegations focus on the uniform conduct of Green Tree, and the discovery done to date and evidentiary materials show that Green Tree's force-place insurance program, practices, and policies as well as Green Tree's other insurance and financing practices are uniform in all states in which it does business and [are] applied by Green Tree in a consistent manner as to all putative class members. This force-place insurance program and the issues related thereto [are] the very core of this action and [are] common to all members of the class.
 "Also, the Court finds that the claims of the Plaintiffs are typical of the claims of all members of the class. Adjudication of the *Page 9 
claims of this class action will provide continuity and consistency. The Court foresees no substantial manageability problems with this class action.
 "The Court finds that the Plaintiffs are adequate representative of the class. The Court finds that the Plaintiffs' counsel are adequate to represent the class. The Court finds that the Plaintiffs have met their burden of proof on all the prerequisites of Rule 23 (a) and Rule 23 (b)(3) by presenting sufficient evidence on all said prerequisites. . . .
 "THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that this cause is certified as a class action with the following class established under Rule 23 (b) of the Alabama Rules of Civil Procedure:
 "All similarly situated adult persons or entities in the United States of America and a sub-class of Alabama adult resident citizens who, from January 1, 1987 to the present, have or have had loans with [Green Tree] that included insurance products sold by Green Tree and/or its subsidiaries, and any loans with Green Tree wherein class members were charged for force-place insurance premiums. Specifically excluded from the class, however, are . . . (d) all persons who have pending and/or previously filed (as of the date of this certification) individual (non-class) lawsuits against Green Tree for the same claims advanced by Plaintiffs herein. . . ."
Green Tree moved the trial court to vacate the class action order, arguing that the Kilpatricks had not carried their burden of proving that each of the requirements for Rule 23 class certification is met in this case. The trial court denied these motions, and Green Tree filed this mandamus petition.
 II.
A petition for the writ of mandamus is the proper means for obtaining review of the trial court's certification of a class.Ex parte Green Tree Fin. Corp., 684 So.2d at 1305. Every class certification order must, at a minimum, identify each of the four elements of Rule 23 (a) and explain in detail how the proponents of the class have proven each of these elements, as well as at least one of the additional elements of Rule 23 (b) Ex parteEquity Nat'l Life Ins. Co., 715 So.2d 192 (Ala. 1997). The evidentiary underpinnings that must support a trial court's certification order necessarily include findings as to the criteria of Rule 23 (a) and at least one of the criteria set out in Rule 23 (b). Id.
Rule 23 (b)(3) requires a finding that the questions or law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. To make this determination of "predominance" and "superiority," the trial court should consider:
 "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."
Rule 23 (b)(3).
In determining whether the questions of law or fact common to the class members predominate over those questions that affect only individual class members, the court must initially identify the substantive law applicable to the case and identify the proof that will be necessary to establish the claim. Alabama v. BlueBird Body Co., 573 F.2d 309, 316 (5th Cir. 1978). This consideration is particularly important in cases where one or more of the claims will require proof of subjective factors, and where the putative class is a nationwide class and thus requires the individual applications of divergent state laws; in a multistate class action, variations in state law may swamp any common issues and defeat a finding of predominance. Castano v.American Tobacco Co., 84 F.3d 734 (5th Cir. 1996). Moreover, the greater the number of individual issues, the less likely it is that a court may properly find that a class action is the superior means of litigating the plaintiff's claims. In reAmerican Medical Sys., 75 F.3d 1069 (6th Cir. 1996). *Page 10 
The Kilpatricks, on behalf of a purported nationwide class, have asserted claims based on allegations of fraud, civil conspiracy, breach of contract, breach of duty, negligence and wantonness. Although the Kilpatricks assert all of their claims under Alabama law, the majority of the members of the purported class are nonresidents whose alleged claims arose in their own states; at least some of these claims will be governed by the laws of those other states. Ex parte Owen, 437 So.2d 476 (Ala. 1983) (Alabama follows the traditional view that a contract is governed by the law of the state where it is made); Norris v.Taylor, 460 So.2d 151 (Ala. 1984) (tort claims are governed by the law of the state where the alleged injury occurred). For example, to adjudicate the fraud claim, the trial court would apply differing state laws as to the element of reliance and it would have to consider differences in various states' consumer-protection codes and deceptive-trade-practices statutes. It would also apply differing statutes of limitations and would have to consider differences in the defenses available to the defendant and differences from state to state in the evidence necessary to support an award of punitive damages. It would have to consider whether an award of punitive damages is even allowed in certain states. As to the breach-of-contract claim, while the contract at issue uniformly gives Green Tree the right to force-place insurance, it does not specify how much insurance is allowable; thus, the court would be required to apply differing laws of the various states to the issues of parol evidence, the parties' course of dealing, and general rules of contract interpretation. Likewise, the court would be required to apply varying state laws as to the evidence that is necessary to support the plaintiffs' wantonness claims.
Moreover, some, if not all, of the claims will present individual issues that require subjective proof; those issues threaten the predominance of the common issues. Although the Kilpatricks argue that Green Tree's alleged fraud in force-placing insurance upon its customers was generally carried out with written notices stating what the amount of the insurance would be, and argue that the fraud was thus uniform, there are still individual issues as to the element of reliance upon these written representations.[2] If this case proceeded as a class action, then the breach-of-contract claim would present issues calling for the factfinder to ascertain the intent of the parties and to consider the course of dealing between the parties. Moreover, the Kilpatricks have sought to include in their class persons who signed arbitration agreements; determining the validity of each arbitration agreement may present additional individual issues in this case. There is also the issue whether one who signed a valid arbitration agreement may properly be included in the class action.[3]
The plaintiffs have the burden to demonstrate that a class certification is proper under Rule 23, Ex parte Blue Cross BlueShield, 582 So.2d 469 (Ala. 1991), and thus to show that a class certification is the superior method for litigating their claims and that individual issues will not overwhelm the common issues of the class. The trial court may not merely rely on assurances of counsel that any problems with predominance or superiority arising from variations in state law can be overeome. Alabama v.Blue Bird Body Co., supra; Castano, supra.
To support their motion to certify their counterclaim as a class action, the Kilpatricks presented a chart showing which jurisdictions agree upon the elements of a breach-of-contract *Page 11 
action; however, they presented no evidence as to the variances in the laws of the several states on such related issues as the statute of limitations for a breach of contract claim, the admissibility of parol evidence, or the defenses available. The Kilpatricks also presented a diagram showing which states recognize both fraud by nondisclosure and fraudulent concealment; however, they did not .submit a similar chart to show the differences in state law as to the elements of misrepresentation, particularly the element of reliance. Additionally, the Kilpatricks failed to address the variations in the states' recognition of the availability of punitive damages.
The Kilpatricks submitted the affidavit of T. Rowe Frazer II, an attorney residing in Mississippi. His affidavit tended to show that he is an experienced attorney who has served as lead counsel for plaintiffs in complex class litigation and that he was competent to act as counsel in regard to the Kilpatricks' claims. Attached to Frazer's affidavit were a number of unpublished orders from trial courts in other jurisdictions certifying, or in some cases refusing to certify, various class actions. These orders were offered without an accompanying explanation of their relevance; however, we note that most of them appear to involve single claims, rather than a mixture of tort and contract claims such as is presented in this present case.
In response to this evidence, the trial court summarily determined that the Kilpatricks had met the requirements of Rule 23 (b) and that a nationwide class action iA the superior method for adjudicating the claims made in this case. It did so without identifying the variations in state law presented by the fact that this certification would create a nationwide class of plaintiffs, and without identifying the substantive law issues that would control the outcome of the litigation and that could effectively convert this purported class action into a multitude of individual cases. The trial court also conditionally certified a subclass of Alabama plaintiffs, some of whom had signed arbitration agreements with Green Tree, without addressing the question of manageability or the propriety of including these persons in litigation.
We are mindful that the certification of this case is conditional: however, even though Rule 23 (b)(3) requires that a class should be certified as soon as practicable, "it does not follow that the rule's requirements are lessened when the class is conditional." Castano v. American tobaccos Co., 84 F.3d at 741. The lack of evidence as to the issues of predominance and superiority under Rule 23 (3)(b), and the lack of findings as to these issues, compel us to determine that the requirements of a conditional certification were not met in this case. Indeed, we have grave concerns as to whether any national class of plaintiffs in an action involving the application of the differing laws of numerous states can satisfy the requirements of showing that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23 (b)(3).
We grant Green Tree's petition for the writ of mandamus. The Circuit Court of Marengo County is directed to vacate its August 12, 1997, order conditionally certifying a class.
PETITION GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., concur.
[1] Because the "class action" aspects of this case arose from the Kilpatricks' counterclaim, the Kilpatricks are "counterplaintiffs" and the certification was of a "counterplaintiff" class. The record does not show whether Green Tree's original detinue action has been resolved. However, we will hereinafter refer to the Kilpatricks as "plaintiffs" and to the class as a "plaintiff class."
[2] The Kilpatricks have made a claim of misrepresentation, as well as a claim of fraudulent suppression. We more that the difficulties posed by attempting to certify a class where the claims require proof of subjective factors are typical in fraud cases; thus, courts have been reluctant to find fraud claims suitable for class certification. "[A]lthough [the separate representations presented in a fraud case may have] some common core, [the] case may be unsuited for treatment as a class action if there was material variation in representations made or in the kinds or degrees of reliance by the persons to whom they were addressed." Committee comments, Rule 23(b)(3), Fed.R. Civ. P.
[3] Arbitration agreements cannot be forced into the mold of class-action treatment without defeating the parties' contractual rights; a rule of civil procedure providing for class actions cannot overcome binding arbitration agreements. See Champ v.Siegel Trading Co., 55 F.3d 269 (7th Cir. 1995).