MADDOX, Justice.
In separate mandamus petitions, Mayflower National Life Insurance Company (“Mayflower”) and Bill Heard Chevrolet Company (“Heard”), defendants in an action pending in the Russell Circuit Court, ask this Court to direct the trial court to vacate its orders of December 21, 1998, and May 17, 1999, conditionally certifying classes of plaintiffs as to certain claims. Because we find from an examination of the record before us that the trial court failed to make the rigorous analysis the law requires in such a case, we grant the petitions and issue the writ.

I. Introduction

James E. Thomas sued Heard; one of its employees, Bill Bratton; and a number of fictitiously named defendants, stating several claims arising from Thomas’s purchase of a 1985 Cadillac Deville automobile from Heard. Thomas subsequently added *460 Dorothy L. Dixon as a plaintiff and substituted Mercury Finance Company of Alabama (“Mercury”) and Mayflower for two of the fictitiously named defendants.
The most recent amended complaint stating the plaintiffs’ causes of action appears to be their “Second Recasted and Amended Complaint,” dated June 17, 1998. That complaint includes 18 counts. The majority of those counts appear to state claims on behalf of Thomas and Dixon only, but four of the counts, counts 15 through 18, state claims on behalf of putative classes.
On December 21, 1998, the trial court entered an order granting conditional certification of two classes based on the allegations in the plaintiffs’ “Second Recasted and Amended Complaint.” The defendants filed various motions asking the court to reconsider its conditional certification of the classes. On April 22, 1999, the trial court held a hearing, and on May 17, 1999, it entered this amended certification order:

“AMENDED ORDER

“This cause is before this Court on Plaintiffs’ Motion for Class Certification and, after considering the Briefs and Oral Arguments presented by both the Plaintiffs and the Defendants, it is the judgment of this Court that Plaintiffs’ Motion for Class Certification is due to be and is therefore granted, and that the previous Order issued on the 21st day of December, 1998, is amended by this Order.
“Accordingly,
“IT IS ORDERED that this action be certified pursuant to the Alabama Rules of Civil Procedure 23(b)(3) and 23(c)(4) in regard to the issues of fraud and suppression, violation of the Alabama Mini-Code, overcharging for credit life and/or disability, violations of the Truth-in-Lending Act and Regulation Z and all damages flowing therefrom.
“IT IS FURTHER ORDERED that the Court defines the classes as follows:
“CLASS ONE
“All persons who purchased an automobile from the Phenix City lot of Bill Heard Chevrolet Company after the 1st day of January, 1993[,] through the 30th day of September, 1996[,] and who, as a part of the transaction entered into a Retail Installment Contract with Bill Heard Chevrolet Company.
“CLASS TWO
“All persons who purchased an automobile from the Phenix City lot of Bill Heard Chevrolet Company during the time period noted in Class One, and who, as a part of that transaction entered into a Retail Installment Contract with Bül Heard Chevrolet Company which provided for the purchase of credit life and/or credit disability insurance and whose credit life and/or credit disability insurance was purchase[d] through Mayflower National Life Insurance.
“IT IS FURTHER ORDERED that the foregoing certification shall be deemed conditional only and may be altered, amended, or set aside at [any time] before a decision on the merits.
“IT IS FURTHER ORDERED that Defendant Mayflower National Life Insurance Company is hereby expressly excluded from any liability flowing from a class action for the overcharge of credit life insurance premiums. This exclusion does not extend to any other Defendant. Mayflower National Life Insurance Company remains a party Defendant to the classes’ claims for the overcharge of credit disability insurance premiums.
“IT IS FURTHER ORDERED that Defendants Bill Heard Chevrolet Company and Mayflower National Life Insurance Company provide counsel for the class, within thirty (30) days of entry *461 of this Order, a list of the names and addresses of all individuals that meet the class definition.
[[Image here]]
“DONE this the 17th day of May, 1999.
“/s/ Albert L. Johnson
“JUDGE, CIRCUIT COURT”
Mayflower and Heard filed separate petitions for the writ of mandamus, asking this Court to direct the trial court to vacate that May 17, 1999, order and the December 21,1998, order.

II. Discussion

The proper method for a party to challenge the certification of a class action is by a petition for the writ of mandamus. Ex parte Household, Retail Services, Inc., 744 So.2d 871, 875 (Ala.1999). “It is well established that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
The requirements for the certification of a class are stated by Rule 23, Ala. R. Civ. P. A class will not be certified unless the four prerequisites of Rule 28(a) and one of the three prerequisites of Rule 23(b) are met.
In Ex parte Equity National Life Insurance Co., 715 So.2d 192 (Ala.1997), this Court, noting that it considers “federal authorities ... persuasive when [it is] interpreting Rule 23, Ala. R. Civ. P.”, id. at 195, n. 2, held:
“The United States Supreme Court, applying Rule 23 of the Federal Rules of Civil Procedure, has said that, before issuing any class certification order, a trial court must be ‘satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.’ General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982). The essence of this holding, it appears to us, is that every class certification order must, at a minimum, identify each of the four elements of Rule 23(a) and explain in detail how the proponents of the class have met their burden of proving those elements.”
Id. at 194-95. In addition, this Court stated: “Of course, the trial court must also explain how the proponents have satisfied at least one of the grounds provided in Rule 23(b).” Id. at 195, n. 3. See also Ex parte American Bankers Life Assurance Co., 715 So.2d 186, 188 (Ala.1997) (“[E]very order [certifying a class] must provide a rigorous analysis of’ how the evidence supports the conclusion that the requirements of Rule 23 were met.); and Ex parte Green Tree Financial Corp., 723 So.2d 6, 9 (Ala.1998)-(“[A]t a minimum, [class-certification orders must] identify each of the four elements of Rule 23(a) and explain in detail how the proponents of the class have proven each of these elements, as well as at least one of the additional elements of Rule 23(b).”).
We have considered the trial judge’s order conditionally certifying[1] the underlying case as a class action, and we find, based upon our review of the briefs and the materials that are before us, that the trial judge failed to demonstrate that he had conducted a “rigorous analysis” of the evidence and that he failed to explain how the evidence supported his conclusion that the requirements of Rule 23 are met in this case. Consequently, we conclude that the petitions are due to be granted. The trial court is directed to withdraw its order of December 21, 1998, and its order *462 of May 17, 1999, amending that December 21, 1998, order conditionally certifying the class.
The trial judge is directed to conduct such proceedings as he deems necessary to determine whether the proponents of class certification have met their burden of proving each of the four elements of Rule 23(a) and at least one element of Rule 23(b). Any future order of the trial court certifying a class must identify each of the four elements of Rule 23(a), Ala. R. Civ. P., and must provide a written rigorous analysis of how the proponents of class certification have met their burden of proving these elements. A certification order must also include a written rigorous analysis of how the proponents of class certification have met their burden of proving one of those elements of Rule 23(b), Ala. R. Civ. P. See Ex parte American Bankers Life Assurance Co., 715 So.2d 186 (Ala.1997).
PETITIONS GRANTED; WRIT ISSUED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.

. The fact that the trial judge labeled his order as "conditional” did not relieve him from the obligation to conduct a "rigorous analysis” of the evidence and to provide a detailed explanation of his reasons for concluding that the evidence supports class certification. Ex parte American Bankers Life Assurance Co., 715 So.2d 186, 191 (Ala.1997).