Atlanta Casualty Company and American Premier Insurance Company ("American Premier") have appealed from a Rule 23(b)(2), Ala.R.Civ.P., certification of a plaintiff's class in which John K. Russell and Jennifer L. Russell have been named class representatives. The issue presented is whether the trial court abused its discretion by ordering certification when the class representatives have requested a declaratory judgment on an insurance contract that materially differs from the contracts imputed to members of the class defined by the trial court. We hold that the trial court abused its discretion in ordering the certification; therefore, we reverse and remand.
 Facts and Procedural History
On March 1, 1995, John K. Russell and Jennifer L. Russell purchased an automobile insurance policy from American Premier to cover a new Toyota Corolla automobile they had recently leased from World Omni Financial Corporation ("World Omni"). The policy provided for a $500 deductible for all losses and an annual premium totaling $1,134. It also contained an endorsement reading:
"LIENHOLDER ENDORSEMENT
 "In the event your covered auto is abandoned to or repossessed by the lienholder after sustaining damage as defined in Part D of this policy (Coverage for Damage to Your Auto), the deductible amount applicable to losses adjusted and payable to the lienholder for their interest shall be $250. The deductible amount otherwise applicable to losses payable to the named insured shall be the deductible amount printed on the declarations page."
No evidence in the record indicates the existence of a lien against the Russells' leased vehicle. Nevertheless, the insurance application, the cancellation notice, and other documentation not incorporated into the insurance contract referred to World Omni as "lienholder."
The policy was later amended pursuant to an agreement between the Russells, World Omni, and American Premier to include a specially drafted endorsement providing for the Russells' leasing agreement with World Omni. The endorsement identified World Omni as a "lessor" and as an additional insured, and it specified a deductible of $500 for any loss with respect to the leased automobile.
After the execution of the lessor endorsement, the leased automobile was allegedly stolen from the Russells' driveway. Payment was made to World Omni in its capacity as an additional insured. The Russells were required to pay a $500 deductible.
The Russells sued a number of parties, including World Omni, American Premier, and Atlanta Casualty (American Premier's parent company), alleging fraud, suppression, breach of contract, and civil conspiracy. The Russells also sought to maintain a portion of the litigation as class representatives *Page 666 
on behalf of those who had leased vehicles from World Omni or had executed insurance contracts with American Premier and Atlanta Casualty. After extensive discovery, the Russells refined their proposed class to include all past, present, and future American Premier and Atlanta Casualty policyholders who had purchased automobile insurance for leased vehicles that contained the Lienholder Endorsement quoted above. The Russells also named two subclasses. The first subclass included class members who incurred a claim or loss to which a $500 deductible was applied instead of the $250 deductible quoted in the Lienholder Endorsement. The second subclass included class members who had not incurred a claim or loss but who had paid a premium concomitant with the Lienholder Endorsement. The Russells, as class representatives, sought declaratory relief regarding the meaning of the Lienholder Endorsement and equitable restitution for overpayment of premiums and deductibles by class members. Accordingly, the Russells sought certification of the entire class pursuant to Rule 23(b)(2), Ala.R.Civ.P.
American Premier and Atlanta Casualty opposed class certification, contending that the Russells' class-action claim based on the Lienholder Endorsement is not typical of the defined class. The trial court disagreed and certified the class identified by the Russells.
 Discussion
The enactment of § 6-5-642, Ala. Code 1975, a statute that became effective before the certification was made in this case, provides parties with the right of appeal from an order granting or denying class certification.
The trial court is endowed with a substantial amount of discretion in determining whether to certify a class, and we will not disturb its determinations without a showing of abuse. Ex parte Holland, 692 So.2d 811,814 (Ala. 1997). In determining whether certification was proper, we consider whether the party seeking certification produced substantial evidence satisfying the requirements of Rule 23(a), Ala.R.Civ.P. Ex parteGreen Tree Fin. Corp., 684 So.2d 1302, 1307 (Ala. 1996). Rule 23(a) reads, in pertinent part:
 "Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
These four requirements are commonly referred to respectively as (1) "numerosity," (2) "commonality," (3) "typicality," and (4) "adequacy." "Numerosity and commonality concern the entire class, while typicality and adequacy concern the nexus of the named class representatives with the class itself." Warehouse Home Furnishing Distribs., Inc. v. Whitson,709 So.2d 1144, 1148 (Ala. 1997).
These requirements, however, often overlap in their application. With respect to three of these requirements, the United States Supreme Court, addressing Rule 23 of the Federal Rules of Civil Procedure, which reads the same as Rule 23, Ala.R.Civ.P., noted in General Telephone Co. of theSouthwest v. Falcon, 457 U.S. 147 (1982):
 "The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action *Page 667 
is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest."
457 U.S. at 157-58 n. 13 (quoted by Warehouse Home Furnishing Distribs., 709 So.2d at 1148).
In the instant case, the fact with which we are most concerned is the presence of the lessor endorsement in the Russells' policy. The evidence suggests that this endorsement was specifically drafted for only this policy, which necessarily implies that the Russells' contract is peculiar to their transaction. Although "`[t]he question of class certification is a procedural one distinct from the merits of the action,'" Ex parteGovernment Employees Ins. Co, 729 So.2d 299, 303 (Ala. 1999) (quotingGarcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980)), we cannot ignore the potential operation of the lessor endorsement upon the Russells' claim as class representatives.
The record reflects that the lessor endorsement was added to the policy subsequent to the inclusion of the Lienholder Endorsement. "Where there is added to a printed form a written or typewritten clause, that clause should be considered as superseding those clauses in conflict which are printed in the form." Commercial Standard Ins. Co. v. General TruckingCo., 423 So.2d 168, 170 (Ala. 1982); see Home Indem. Co. v. EmployersNat'l Life Ins. Corp., 564 So.2d 945, 947 (Ala. 1990) (quoting CommercialStandard Ins. Co, supra, and holding that an endorsement prevails over a contrary provision in the body of the policy). Therefore, the lessor endorsement prevails over the Lienholder Endorsement.
The Russells contend, however, that American Premier's characterization of World Omni as a lienholder in the Russells' insurance application, cancellation notice, and similar documents dictate World Omni's status under the insurance policy. We disagree.
The only document to which the Russells have referred that concerns us is the insurance application. Section 27-14-17, Ala. Code 1975, states, "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified by any rider, endorsement or application which is a part of the policy." Thus, the insurance application is to be construed as a part of the policy itself. As a part of the policy, the insurance application in the present case does not escape the changes imposed by the later addition of the lessor endorsement.
The lessor endorsement, which according to the record is unique to the Russells' policy, presents the Russells with a potential obstacle to recovery. Simply stated, the endorsement clearly provides that the Russells were responsible for the premiums they were charged and for payment of a $500 deductible.
The presence of the lessor endorsement in the Russells' policy impacts our certification analysis because we have not been directed to any evidence in the record indicating that prospective class members have similar endorsements in their policies. This material difference between the Russells' policy and the policy imputed to the proposed class destroys commonality by introducing an endorsement applicable only to the class representatives. Litigation *Page 668 
of this endorsement injects issues of fact and law unique to the Russells, divorcing them from the interests of the proposed class.
Typicality is likewise affected by the endorsement, because the endorsement alters the Russells' claims by significantly changing the argumentative posture of their case. "The essence of the typicality requirement is that the relationship between the injury to the class representatives and the conduct affecting the entire class of plaintiffs must be sufficient for the court to properly attribute a collective nature to the challenged conduct." Warehouse Home Furnishing Distribs., 709 So.2d at 1149. In the present case there is no such relationship because the lessor endorsement corrupts the "collective nature" of the alleged conduct.
The lessor endorsement also affects our determination of the adequacy of representation. We question whether the Russells can adequately represent and protect the interests of the proposed class when they are faced with an endorsement that potentially exonerates the appellants from liability. Cf. Ex parte Government Employees Ins. Co., 729 So.2d at 308 (posing this same question with respect to a claimant seeking to represent a class of people on a fraud claim when the evidence suggested that the claimant was precluded from recovery under that theory).
 Conclusion
After carefully considering whether commonality, typicality, and adequacy of representation exist with respect to the Russells' designation as class representatives, we pretermit discussion regarding numerosity. While further evidence might support certification of this action, the evidence currently in the record does not. Consequently, we conclude that the trial court abused its discretion in certifying the proposed class. We therefore reverse the trial court's certification order and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and See, Harwood, and Stuart, JJ., concur.