Bill Heard Chevrolet Company ("Heard") and Mayflower National Life Insurance Company ("Mayflower") appeal from the trial court's order conditionally certifying two classes of plaintiffs as to certain claims in an action pending in the Russell Circuit Court. Because we conclude that the trial court failed to perform the rigorous analysis required in certifying a class and failed to allow Heard and Mayflower an adequate opportunity to present any evidence in opposition to the proposed conditional certification order, we reverse and remand with instructions.
 Background and Facts[1]
James E. Thomas sued Heard; one of its employees, Bill Bratton; and a number of fictitiously named defendants, stating several claims arising from Thomas's purchase of a 1985 Cadillac Deville automobile from Heard. Thomas subsequently added Dorothy L. Dixon as a plaintiff[2] and substituted Mercury Finance Company of Alabama ("Mercury")[3] and Mayflower for two of the fictitiously named defendants.
On June 17, 1998, the plaintiffs filed their "Second Recasted and Amended Complaint." That complaint includes 18 counts. The majority of those counts (14) state claims on behalf of Thomas and Dixon only, but 4 of the counts, counts 15 through 18, state claims on behalf of putative classes. The plaintiffs filed a motion for class certification and requested a hearing on the motion.
The trial court conducted two hearings at which the plaintiffs' motion for class certification was discussed. At the first hearing, held on July 21, 1998, the issue of class certification was only briefly addressed. No evidence in support of class certification was offered at that hearing. At the conclusion of the hearing, the trial court instructed the parties to file briefs in support of their respective positions regarding the class-certification motion.
On December 14, 1998, the trial court conducted another abbreviated hearing on issues related to the motion for class certification. The only substantive issue directly relevant to a class action under Ala.R.Civ.P. 23(a) discussed at this hearing was the issue of numerosity. Counsel for the plaintiffs orally argued the issue but presented no evidence in support of the motion to certify a class. However, shortly after this hearing, on December 21, 1998, the trial court entered an order granting the plaintiffs' motion for class certification. The trial court amended that order on May 17, 1999, after another hearing.
Heard and Mayflower sought relief from the trial court's December 21, 1998, and May 17, 1999, orders granting class certification. They filed in this Court petitions *Page 37 
for the writ of mandamus, asking this Court to vacate the May 17, 1999, order and the December 21, 1998, order. See Ex parte Mayflower Nat'l LifeIns. Co., 771 So.2d 459 (Ala. 2000). In Ex parte Mayflower, we granted the requested relief, holding that the trial court's orders failed to demonstrate that it had conducted the rigorous analysis required under § 6-5-640 et seq., Ala. Code 1975, and Rule 23, Ala.R.Civ.P., and that the order failed to explain how the evidence supported the trial court's conclusion that the requirements of Ala.R.Civ.P. 23(a) and (b) had been met in this case. We ordered the trial court to vacate its class-certification orders, and we directed the trial judge to
 "conduct such proceedings as he deems necessary to determine whether the proponents of class certification have met their burden of proving each of the four elements of Rule 23(a) and at least one element of Rule 23(b). Any future order of the trial court certifying a class must identify each of the four elements of Rule 23(a), Ala.R.Civ.P., and must provide a written rigorous analysis of how the proponents of class certification have met their burden of proving these elements. A certification order must also include a written rigorous analysis of how the proponents of class certification have met their burden of proving one of those elements of Rule 23(b), Ala.R.Civ.P. See Ex parte American Bankers Life Assurance Co., 715 So.2d 186 (Ala. 1997).
771 So. at 462.
The trial court vacated its orders and the parties then discussed the status of class certification at another hearing held on September 1, 2000. The record before this court indicates that at this hearing, the plaintiffs' counsel submitted to the trial court a nine-page proposed order; that order purported to grant the plaintiffs' motion for class certification. The record reflects that the following exchange occurred at the September 1, 2000, hearing:
 "PLAINTIFFS' COUNSEL: Now, I've given Your Honor a copy of a suggested order, which we've gone through — we've gone through the record in great detail, and we've cited in there — I remind the Court and the parties, we've had depositions, in fact, in terms of my clients have been deposed, Bill Heard's clients, employees, have been deposed. The records they have, although inconsistent, I've got them. We've had many many hearings on this class matter and the discovery matters, and, therefore, there is a substantial record in this case that the Court can rely upon. And we've gone back and reviewed the whole record and the law, and I think I — in fact, I know I can represent to the Court that this suggested order is consistent with the record in this case on the issues and is consistent with all the published cases in Alabama and other places in the specificity which is required in order to grant the class action. The only thing that I — well, I don't know any part of it that's not totally supported by the record because we've gone through there and pulled it all out, that part that deals with the issues that class action deals with, and, therefore, I think we've —
 "THE COURT: All right. Let me ask then Bill Heard and Mayflower, do you agree or disagree in [plaintiffs' counsel's] telling me that basically what the Supreme Court found wrong was the way I did the order?
". . . .
 "MAYFLOWER'S COUNSEL: . . . We received this this morning from [plaintiffs' counsel], this proposed order, and I would just say to Your Honor that he recites allegations he's making, but there is no proof in his proposed order *Page 38 
 to support the allegations he's making, and that's going to be fatal. The Court has got to make a finding of fact to support the claims that the individual is making, so it can move, and then the Court has to go one step further and find that the same things happened to the plaintiff, likely happened to this class as a whole.
 "And while I'm talking, Judge, and I'm going to give you this case —
"THE COURT: Okay.
 "MAYFLOWER'S COUNSEL: . . . The case is Ex parte Household Retail Services, Inc., 744 So.2d 871 [(Ala. 1999)], . . . .
". . . .
 "PLAINTIFFS' COUNSEL: Your Honor, we have had numerous discussions on the law, including the law in that case, and there's nothing new cited in the law otherwise by [Mayflower's counsel]. Now, I take it from his response that he agrees with my interpretation of the order. What the order says is that the trial judge is directed to conduct such proceedings as you may deem necessary to determine whether the proponents of the class certification have met the burden of the four elements of 23(a) and 23(b). So it's dealing with that and not with anything else, and if he reads that suggested order carefully and keeps in mind the number of hearings and the size of the record that we have in this case —
". . . .
 "THE COURT: — Your observation is well taken, and we have had several hearings, but I don't know, I don't think I have the depositions that you referred to a few minutes ago in the record as such. Do the parties feel because, and this is no criticism by any way, of the conservative bent of the present Supreme Court, that it would be beneficial for the Court to have an order referring specifically to references in the record, have these depositions made a part of the record, have references to prior hearings, a transcript of all those hearings made and refer to those? Now, is that what it's going to take? Is that what the Supreme Court is looking for when they are asking for proof? You know, I always thought proof was something that the jury determined what it was. But is that what we're talking about now for a class action suit, that, basically, is evidence was introduced and the Court has to refer to that in the record to support its order?
". . . .
 "PLAINTIFFS' COUNSEL: You do not have to try the whole case. In fact, there's more evidence and more testimony and more record in this case at this point in relation to conditional class [certification] than any case of record.
 "I will, Your Honor, just to make sure it's in the record, file all of those with the record to make sure. They should be down there, but I'll take care of that. I'll file those, but I have referred to the record in here, I believe, to the extent that it relates to class action.
 "THE COURT: To be quite candid, I haven't looked at this proposed order. I'm looking at it right now.
"PLAINTIFFS' COUNSEL: It's pretty extensive, Judge.
"THE COURT: So I don't know what's in here and what's not.
 "PLAINTIFFS' COUNSEL: In my opinion it's pretty extensive. Of course, I — there's plenty of record, and if that's not extensive enough, I'll make it more extensive, because we've got plenty of record, as I say with the quote, the parties have been deposed. We've had hearings and arguments in the record on *Page 39 
 the law. . . . Now, how much of the record did we need to cite? I think I've covered it, but we'll bear the burden of going through there and digging it out of the record more if Your Honor — and that's what this case says. You know, if you need a proceeding —
". . . .
 "MAYFLOWER'S COUNSEL: . . . What we're dealing with here, frankly, Your Honor, is an area of law that says that the Court's abuse [of] discretion is measured by a sufficiency of the evidence standing, and the Supreme Court is going to look at a state court and a circuit court to see if there is sufficient evidence in the record to support the class certification. . . . What I would like to suggest Your Honor to do to save the Court time, to save all the parties time, is to look at that order. I thought today one of [the] principal reasons for us to be here was for scheduling order to decide a schedule of what we were going to do to go forward.
"THE COURT: That's what the order said.
". . . .
 "THE COURT: Well, like I said I'm going to review this appellate decision and then this recent Supreme Court decision and then go from there, and then if there are specific references that substantiate your claim — like I said just a few minutes ago, I want those filed for the record so if we do find that class exists, these will go up to substantiate the order, and I don't know any other way to do it, because it appears to me that's what they're asking for.
". . . .
 "MAYFLOWER'S COUNSEL: And then what we're looking toward is the plaintiff is going to file, what, another motion for class certification with a submission of proof? Is that what we're talking about?
"BILL HEARD'S COUNSEL: Or just file a submission of proof.
"THE COURT: No, it would be a submission [of] proof.
 "PLAINTIFFS' COUNSEL: That partially is it, but we will go further. I think the first thing I'm going to do is file this brief that you asked for.
"THE COURT: Now, the brief is on the discovery.
"PLAINTIFFS' COUNSEL: Right.
 "THE COURT: Okay. The class action is another situation here, but I need the brief, but I also need the — and again, I haven't read the case, but apparently, based on what the Supreme Court's telling me, I need to document any order that I issue should we certify this as a class.
"PLAINTIFFS' COUNSEL: We agree with that.
"THE COURT: That's the way I'm reading it.
 "PLAINTIFFS' COUNSEL: We [tried] to do that, and we'll try some more, but I will file and make sure all those depositions are filed for the record. Sitting here, I can't — I thought they were, but I'll check.
"PLAINTIFFS' COUNSEL: If they're not, they will be."
It is significant to note that plaintiffs' counsel never filed the submission of proof requested of it. Nor did the trial court schedule any further conferences or hearings on the class-certification issue. Rather, on November 16, 2000, the trial judge entered an order certifying the class; that order was a verbatim copy of the order proposed by the plaintiffs' counsel.
Heard and Mayflower appeal, pursuant to § 6-5-642, Ala. Code 1975, arguing that the trial court abused its discretion in entering *Page 40 
the class-certification order. As grounds, Heard and Mayflower assert that the trial court failed to conduct the rigorous analysis required by § 6-5-641, Ala. Code 1975, before class certification can be granted, and that the plaintiffs failed to satisfy the prerequisites of Ala.R.Civ.P. 23(a) and 23(b).
 Standard of Review/Guiding Principles
In Atlanta Casualty Co. v. Russell, 798 So.2d 664 (Ala. 2001), this Court observed:
 "The enactment of § 6-5-642, Ala. Code 1975, a statute that became effective before the certification was made in this case, provides the parties with the right of appeal from an order granting or denying class certification.
 "The trial court is endowed with a substantial amount of discretion in determining whether to certify a class, and we will not disturb its determinations without a showing of abuse. Ex parte Holland, 692 So.2d 811, 814 (Ala. 1997). In determining whether certification is proper, we consider whether the party seeking certification produced substantial evidence satisfying the requirements of Rule 23(a), Ala.R.Civ.P. Ex parte Green Tree Fin. Corp., 684 So.2d 1302, 1307 (Ala. 1996)."
798 So.2d at 666. See also Mitchell v. H R Block, Inc., 783 So.2d 812,815 (Ala. 2000) ("The question whether to certify a class is in the sound discretion of the trial court, and, so long as the trial court considers the correct criteria in making its determination, we review its ruling only to determine whether the trial court abused its discretion.").
In Ex parte Green Tree Financial Corp., 684 So.2d 1302, 1307 (Ala. 1996), this Court stated:
 "[T]he one against whom certification has been entered has a clear legal right to a writ [of mandamus, now a right of appeal] directing that the class action certification be set aside if the party seeking class action certification failed to carry the burden of producing sufficient evidence to satisfy the requirements of Rule 23 — in the event of such a failure, the trial court's certification of the action as a class action constitutes an abuse of discretion."
(Citations omitted.) "[C]lass actions may not be approved lightly and . . . the determination of whether the prerequisites of Rule 23 have been satisfied requires a `rigorous analysis.'" Ex parte Citicorp AcceptanceCo., 715 So.2d 199, 203 (Ala. 1997); see also § 6-5-641, Ala. Code 1975. The plaintiff must offer sufficient evidence of the Rule 23 criteria; this evidence must be referenced in the trial court's order before class certification is proper. See Ex parte Water Works SewerBd. of the City of Birmingham, 738 So.2d 783, 787 (Ala. 1998).
Based on our review of the record, we conclude that the order conditionally certifying two classes in this action does not meet the rigorous-analysis requirements set forth above for two reasons. First, the nine-page order in which the trial court conditionally granted class certification was entered without the benefit of a formal evidentiary hearing and without allowing the defendants an adequate opportunity to contest the proposed class-certification order. As noted above, plaintiffs' counsel was instructed at the hearing on September 1, 2000, to file a submission of proof in support of the plaintiffs' motion for class certification and in support of the plaintiffs' proposed order certifying the class. Although the trial court did not explicitly address the issue, we presume that if the plaintiffs' counsel had offered any evidence in support of their proposed class-certification order, Heard and Mayflower would have been, or should have *Page 41 
been, allowed an opportunity to offer evidence in opposition to that proposed order.
However, plaintiffs' counsel did not file the requested submission of proof and, despite the fact that the plaintiffs had requested a hearing on their class-certification motion, the trial court did not hold an evidentiary hearing and the plaintiffs never came forward with substantive evidence in support of their motion for class certification. See § 6-5-641(d), Ala. Code 1975 ("The court shall, upon motion of any party, hold a full evidentiary hearing on class certification."). Thus, before the entry of the conditional class-certification order, Heard and Mayflower were not allowed a formal opportunity to rebut whatever evidence the plaintiffs presented in support of their motion and proposed class-certification order. For this reason, we conclude that the trial court could not have conducted a "rigorous analysis" of the evidence to determine whether the Rule 23 prerequisites were met, because it did not allow the defendants an adequate opportunity to oppose the plaintiffs' proposed certification order.
We also note that the nine-page order conditionally granting class certification was drafted, not by the trial judge, but by counsel for the plaintiffs. While this fact, standing alone, does not compel the conclusion that the trial court did not conduct a rigorous analysis of the evidence presented in support of class certification, we strongly discourage this practice in the context of class-certification orders. We note that § 6-5-641(e) and Rule 23, Ala.R.Civ.P., impose upon the trial judge the duty to conduct a rigorous analysis, and we hold that this duty is nondelegable, even in the case of a conditional certification. See Ex parte Water Works Sewer Bd. of the City ofBirmingham, 738 So.2d at 788.
However, even assuming that the trial court reviewed, in great detail, the proposed order drafted by plaintiffs' counsel, and that the trial court found sufficient evidentiary support for every assertion contained in that proposed order, and that the court decided not to change a single word of that lengthy proposed order, we again note the lack of any opportunity for Heard and Mayflower to present their evidence in opposition to the assertions contained in that proposed order. Such a one-sided analysis of the issues raised by a class-certification motion cannot qualify as the "rigorous analysis" required by § 6-5-641 and Rule 23, Ala.R.Civ.P.
The November 16, 2000, conditional certification order fails to meet the rigorous-analysis requirements of § 6-5-641 and Rule 23 for the additional reason that the order fails to identify the elements of the four claims being certified for class treatment and fails to discuss in a cogent manner how those elements bear upon the criteria set forth in Rule 23.
 "[The trial] court must go behind the pleadings in making a certification determination, `as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.'"
Mann v. GTE Mobilnet of Birmingham Inc., 730 So.2d 150, 152 (Ala. 1999), quoting Castano v. American Tobacco Co., 84 F.3d 734, 744 (5th Cir. 1996). See also Ex parte Green Tree Fin. Corp., 723 So.2d 6, 9 (Ala. 1998) ("In determining whether the questions of law or fact common to the class members predominate over those questions that affect only individual class members, the court must initially identify the substantive law applicable to the case and identify the proof that will be necessary to establish the claim."). The mandate to identify the "substantive law applicable law to the case" requires more than a *Page 42 
simple statement of which state's law governs; the trial court is required to identify the elements of the claims to be certified and to discuss, in the context of the class-certification criteria, the proof the plaintiffs must present to establish each of those elements. It is only by specifically discussing the elements of each claim in the context of the Rule 23 criteria that the trial court may determine whether the plaintiffs can establish the Rule 23(a) and 23(b) elements of class certification. See e.g., Mann, supra; Ex parte Green Tree Fin. Corp.,723 So.2d 6.
For example, in the trial court's conditional class-certification order, the issue of commonality is addressed by merely restating, in the most general manner, the allegations made by the individual plaintiffs and those made by the class. The trial court concluded that, because those allegations are the same, the "commonality element has been met." The order contains no discussion of the elements of the four claims to be certified, which of those elements are disputed, if any, which factual elements will be at issue in this case, and how those questions of law and fact might impact on a class action. Additionally, while the order purports to certify for class treatment fraud and suppression claims, it wholly fails to identify any of the issues attendant to such a difficult undertaking. See Ex parte Government Employees Ins. Co., 729 So.2d 299
(Ala. 1999); Ex parte Green Tree Fin. Corp., supra; Ex parte HouseholdRetail Servs., Inc., 744 So.2d 871 (Ala. 1999). The review in this case falls short of that required under the rigorous-analysis standard.
For these reasons, we conclude that the trial court's conditional certification order of November 16, 2000, fails to meet the rigorous-analysis requirements § 6-5-641 and Ala.R.Civ.P. 23. We direct the trial court to vacate its conditional class-certification order of November 16, 2000, and we remand this case with instructions for the trial court to schedule a formal evidentiary hearing in conformity with § 6-5-641, Ala. Code 1975. The issues to be addressed at that hearing, through the presentation of evidence and legal argument, include the "claims, defenses, relevant facts and applicable substantive law" of each claim the plaintiffs seek to have certified for class treatment and how they relate to the relevant criteria of Ala.R.Civ.P. 23. Because of the age of this action and the number of times this case has been before this Court, we encourage the trial court to require the parties to present at this hearing any and all substantive evidence and arguments to be considered in support of, or in opposition to, class certification.
Finally, we note that this Court has previously cited the class-certification order issued in Duncan v. Tennessee, 84 F.R.D. 21
(M.D.Tenn. 1979), as an excellent example of a trial court's application of the relevant criteria in approving or denying class certification. SeeRowan v. First Bank of Boaz, 476 So.2d 44 (Ala. 1985), cited with approval in Mitchell v. H R Block, Inc., 783 So.2d 812, 817 (Ala. 2000); American Bankers Life Assurance Co. v. Mercury Fin. Corp.,715 So.2d 186 (Ala. 1997). We encourage the trial court, in drafting its class-certification order, to adopt an approach and organization similar to those the district court used in Duncan v. Tennessee. However, it should be noted that the order in Duncan addressed the issue whether to certify a single claim. Where a trial court, as here, must determine whether to certify multiple claims, it may be appropriate, for clarity, to address the "claims, defenses, relevant facts, and substantive law" applicable to each claim separately.
REVERSED AND REMANDED WITH INSTRUCTIONS. *Page 43 
See, Brown, and Harwood, JJ., concur.
Moore, C.J., concurs in the result.
[1] Some of the facts recited here were recited in Ex parte MayflowerNational Life Insurance Co., 771 So.2d 459 (Ala. 2000), an appeal from an earlier proceeding in this case; they are included here for clarity.
[2] James E. Thomas and Dorothy L. Dixon both signed the retail installment contract that is the basis of this litigation.
[3] Mercury Finance Company filed a petition for bankruptcy; this action was then stayed as to Mercury Finance Company and it is not a party to this appeal.