894 So.2d 637 (2004)
MAYFLOWER NATIONAL LIFE INSURANCE COMPANY
v.
James E. THOMAS and Dorothy L. Dixon.
Bill Heard Chevrolet Company
v.
James E. Thomas and Dorothy L. Dixon.
1021383 and 1021461.
Supreme Court of Alabama.
June 25, 2004.
Charles D. Stewart and Taffi S. Stewart of Spain & Gillon, L.L.C., Birmingham, for *638 appellant Mayflower National Life Insurance Company.
Robert A. Huffaker of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellant Bill Heard Chevrolet Company.
Kenneth L. Funderburk of Funderburk, Day & Lane, Phenix City, for appellees.
SEE, Justice.
Bill Heard Chevrolet Company and Mayflower National Life Insurance Company, the defendants in a case pending in the Russell Circuit Court, appeal the trial court's order certifying a class in this action against them. This Court has reviewed class-certification orders from the trial court in this case on two prior occasions: Ex parte Mayflower Nat'l Life Ins. Co., 771 So.2d 459 (Ala.2000) ("Heard I"), and Bill Heard Chevrolet Co. v. Thomas, 819 So.2d 34 (Ala.2001) ("Heard II"). In both of our prior decisions we set aside the order granting class certification. Again, we vacate the class-certification order and remand the cause.

I.
This litigation began when James E. Thomas sued Bill Heard Chevrolet Company ("Heard"); one of its employees, Bill Bratton; and a number of fictitiously named defendants, asserting several claims that arose from Thomas's purchase from Heard of a 1985 Cadillac DeVille automobile. Thomas subsequently added Dorothy L. Dixon as a plaintiff and substituted Mayflower National Life Insurance Company ("Mayflower") for one of the fictitiously named defendants.[1] The plaintiffs, in the final version of their complaint, alleged 18 counts of wrongdoing by the defendants. Of those, 14 counts stated claims on behalf of Thomas and Dixon only, but 4 of the counts stated claims on behalf of a putative class. Thereafter, the plaintiffs moved for class certification of those four claims.
The trial court conducted two hearings at which the plaintiffs' class-certification motion was discussed. At the first hearing, the plaintiffs offered no evidence in support of class certification; the issue was only briefly addressed. At the conclusion of that first hearing, the trial court instructed the parties to file briefs in support of their respective positions on the issue of class certification. The trial court conducted a second, abbreviated hearing on class certification; the only issue relating to certifying a class action that was discussed at that hearing was numerosity. Counsel for the plaintiffs orally argued for certifying the class but presented no evidence in support of class certification. Nevertheless, shortly after the second hearing, the trial court granted the motion for class certification.
Heard and Mayflower then petitioned this Court for a writ of mandamus, asking this Court to vacate the trial court's order granting class certification. In Heard I, we granted the requested relief, holding that the trial court's order failed to demonstrate that the trial court had conducted the rigorous analysis required under Rule 23, Ala. R. Civ. P., and failed to explain how the evidence supported the trial court's conclusion that the requirements of Rule 23(a) and (b) had been met. We also gave the trial court the following instructions:
"The trial judge is directed to conduct such proceedings as he deems necessary to determine whether the proponents of *639 class certification have met their burden of proving each of the four elements of Rule 23(a) and at least one element of Rule 23(b). Any future order of the trial court certifying a class must identify each of the four elements of Rule 23(a), Ala. R. Civ. P., and must provide a written rigorous analysis of how the proponents of class certification have met their burden of proving these elements. A certification order must also include a written rigorous analysis of how the proponents of class certification have met their burden of proving one of those elements of Rule 23(b), Ala. R. Civ. P. See Ex parte American Bankers Life Assurance Co., 715 So.2d 186 (Ala.1997)."
Heard I, 771 So.2d at 462.
Following our decision in Heard I, the trial court vacated its order granting class certification and scheduled another hearing. At that hearing, plaintiffs' counsel submitted a nine-page proposed order granting the motion for class certification. Mayflower's counsel pointed out that there was no substantive evidence in the record to support the assertions made in the proposed order, and the trial court directed the plaintiffs to file a submission of proof, consisting of transcripts of the previous hearings and copies of depositions. The plaintiffs never filed the requested submission of proof; nevertheless, the trial court entered an order certifying the class. Heard and Mayflower, relying on § 6-5-642, Ala.Code 1975, then appealed to this Court, arguing that the trial court failed to conduct the rigorous analysis required by § 6-5-641, Ala.Code 1975, and that the plaintiffs failed to satisfy the prerequisites of Rule 23(a) and 23(b) for class certification.[2]
In Heard II, this Court directed the trial court to vacate its order granting class certification because the trial court failed to meet the rigorous-analysis requirements of § 6-5-641. First, the order "was entered without the benefit of a formal evidentiary hearing and without allowing the defendants an adequate opportunity to contest the proposed class-certification order." Heard II, 819 So.2d at 40. The complete lack of evidence made it impossible for the trial court to have conducted a rigorous analysis of the evidence. We concluded as follows:
"[E]ven assuming that the trial court reviewed, in great detail, the proposed order drafted by plaintiffs' counsel, and that the trial court found sufficient evidentiary support for every assertion contained in that proposed order, and that the court decided not to change a single word of that lengthy proposed order, we again note the lack of any opportunity for Heard and Mayflower to present their evidence in opposition to the assertions contained in that proposed order. Such a one-sided analysis of the issues raised by a class-certification motion cannot qualify as the `rigorous analysis' required by § 6-5-641 and Rule 23, Ala. R. Civ. P."
819 So.2d at 41.
The second reason we concluded that the order failed to meet the rigorous-analysis requirements of § 6-5-641 was that the order failed to identify the elements of the four claims being certified for class treatment and failed to discuss how the criteria set forth in Rule 23 are met with respect to those claims.[3] In determining *640 whether class-action treatment of a claim is appropriate, the trial court is required to identify the elements of the claim to be certified and to discuss, in the context of the class-certification criteria, the proof the plaintiffs have presented to establish each element. Only in this way can the trial court determine whether the plaintiffs can establish the Rule 23(a) and (b) elements of class certification. Ex parte Green Tree Fin. Corp., 723 So.2d 6 (Ala.1998).
In Heard II we remanded the case to the trial court with directions to vacate its order granting class certification and we instructed the court to schedule a formal evidentiary hearing at which the court would address, through the presentation of evidence and legal argument, the claims, defenses, relevant facts, and applicable substantive law of each claim the plaintiffs sought to have certified for class treatment and how those claims satisfy, if they do, the relevant Rule 23 criteria. As a further aid to the trial court, we referred it to the class-certification order issued in Duncan v. Tennessee, 84 F.R.D. 21 (M.D.Tenn.1979), for guidance on how to properly apply the Rule 23 criteria in granting or denying a class-certification motion.
Following this Court's decision in Heard II, the trial court scheduled a formal evidentiary hearing at which the plaintiffs' motion for class certification would again be considered. Before the hearing, all the parties filed briefs and evidentiary material in support of their positions. Nearly six months after the hearing, the trial court directed both parties to submit proposed orders to the court and to one another. All of the parties complied and filed proposed orders.
The trial court then gave the parties the opportunity to file responses to the proposed orders, which the plaintiffs and Mayflower did. On May 14, 2003, the trial court entered an order granting class certification; the order was the 38-page proposed order that had been submitted by the plaintiffs. Heard and Mayflower separately appealed; the appeals were consolidated for the purpose of writing one opinion.

II.
In reviewing a trial court's order granting or denying a motion for class certification, this Court must determine whether the trial court exceeded its discretion in so ruling. Alfa Life Ins. Corp. v. Johnson, 822 So.2d 400 (Ala.2001). In determining whether class certification is proper, we consider whether the party seeking certification produced substantial evidence satisfying the requirements of Rule 23. Ex parte Green Tree Fin. Corp., 684 So.2d 1302 (Ala.1996).
*641 In their appeals to this Court, Heard and Mayflower again argue, as they argued in Heard I and Heard II, that the trial court exceeded its discretion (1) in failing to conduct the "rigorous analysis" required by § 6-5-641, and (2) in certifying the class even though the plaintiffs failed to satisfy the prerequisites of Rule 23, Ala. R. Civ. P.

III.
This Court has stated that "class actions may not be approved lightly and ... the determination of whether the prerequisites of Rule 23 have been satisfied requires a `rigorous analysis.'" Ex parte Citicorp Acceptance Co., 715 So.2d 199, 203 (Ala.1997) (citing General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). In Heard II this Court ordered the trial court to vacate its class-certification order precisely because the court failed to conduct a rigorous analysis, by not giving the defendants an opportunity to present evidence and by not identifying in its order the elements of the claims to be certified, or discussing, in the context of the class-certification criteria, the proof the plaintiffs were required to present.
On remand the trial court has attempted to remedy these two deficiencies by holding a full evidentiary hearing and by including in its class-certification order some discussion of the necessary elements of the certified claims. Heard and Mayflower argue, however, that the trial court still has failed to conduct a rigorous analysis, primarily because it did not follow the recommendations regarding the preparation of the order this Court made in Heard II.
An examination of the class-certification order reveals "indicia of a lack of rigorous analysis." The order ignores the principle that "[t]he question of class certification is a procedural one distinct from the merits of the action." Mitchell v. H & R Block, Inc., 783 So.2d 812, 816 (Ala.2000) (citing Taylor v. Flagstar Bank, FSB, 181 F.R.D. 509 (M.D.Ala.1998), citing in turn Garcia v. Gloor, 618 F.2d 264 (5th Cir.1980)). On a motion for class certification, the sole issue before the trial court is whether the requirements of Rule 23 have been met; in the present case, the trial court's order goes far beyond a Rule 23 analysis and evaluates the merits of several of the plaintiffs' claims. Among the statements the court made are the following:
"The Court finds that [Heard] ... regularly made consumer loans without a license in violation of Alabama Code § 5-19-22(a)."
"The Court therefore finds that Defendants charged a premium in excess of that filed with the Commissioner of Insurance."
"The Court finds that Defendant [Heard] violated the Federal Truth in Lending Act...."
"The Court therefore finds that Defendant [Heard] has thereby violated Ala.Code § 5-19-20(b)(1)."
"The Court finds that Defendants overcharged on the premium by applying an excessive rate."
"[A] summary judgment can and should be granted to Plaintiffs."

*642 "With the proof already presented, a summary judgment is due to be granted against [Heard] on the Regulation Z violation. $500,000.00 and costs are due and upon a class certification the Regulation Z claim is ready to move to the final stage."
The merits of the plaintiffs' claims, however, were not before the trial court.
Additional evidence of the trial court's failure to conduct a rigorous analysis appears in its failure to properly consider the defenses of the defendants. See General Motors Acceptance Corp. v. Massey, 893 So.2d 314, 320 (Ala.2004) ("Because the trial court failed to address the compulsory counterclaims, or the defenses, the October 8, 2003, certification order does not reflect the necessary `rigorous analysis.'"); U-Haul Co. of Alabama v. Johnson, 893 So.2d 307, 313 (Ala.2004) (class-certification order vacated and case remanded for trial court to consider the effect of the "defendants' assertion of the voluntary-payment defense"). Among the claims certified for class-action treatment is the claim that Heard issued "insurance in excess of that allowed under [§ 5-19-20(b)(1), Ala.Code 1975,] by including interest in its calculation of Credit Life Insurance." The trial court recognized that this claim, as it would apply to Mayflower, was barred by a previous class settlement in the case of McCurdy v. Credit Life Insurance Co. (CV-96-0008); nevertheless, the trial court certified the claim for class-action treatment as it would apply to Heard.
In the McCurdy settlement order, the Lamar Circuit Court stated that "as a result of substantially similar allegations, this settlement encompasses ... not only the allegations contained in this action, but also those against any of the Defendants contained in ... Thomas v. Mayflower National Life Insurance Company, et al., CV-95-47." In the instant case, the trial court acknowledged the preclusive effect of the McCurdy settlement by stating in the class-certification order that Mayflower was excluded from the excess credit-life claim "because of a prior class action case based on overcharges for credit life" insurance. However, without explanation, the court then stated that Heard was not excluded from the claim in spite of its finding that "Bill Heard acted as the agent for Mayflower" and the fact that the settlement order in McCurdy expressly states that it dismisses all claims against "Defendants and their ... agents ... or any entity of any type or description for whose acts or omissions such discharged parties could be held liable." This complete failure to consider Heard's defense is further evidence that the trial court did not conduct the required rigorous analysis.
Because there are too many "indicia of a lack of rigorous analysis" in the trial court's class-certification order for this Court to ignore, the trial court's order is vacated and the cause is remanded for the trial court to conduct its own rigorous analysis of the evidence in compliance with § 6-5-641, Ala.Code 1975.
ORDER VACATED; CAUSE REMANDED WITH DIRECTIONS.
BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
I concur fully in the main opinion. But see my special writing in U-Haul Co. of Alabama v. Johnson, 893 So.2d 307, 313 (Ala.2004) (Johnstone, J., concurring specially).
NOTES
[1] James E. Thomas and Dorothy L. Dixon both signed the retail installment contract that is the basis of this litigation.
[2] Subsequent to this Court's decision in Heard I, the Alabama Legislature enacted § 6-5-641, codifying the procedure for the certification of a class, and § 6-5-642, creating a statutory right of appeal from an order granting or denying class certification.
[3] Section 6-5-641(e), Ala.Code 1975, provides:

"When deciding whether a requested class is to be certified, the court shall determine, by employing a rigorous analysis, if the party or parties requesting class certification have proved its or their entitlement to class certification under Ala. R. Civ. P. 23. The burden of coming forward with such proof shall at all times be on the party or parties seeking certification, and if such proof shall not have been adduced, the court shall not order certification of the class. In making this determination, the court shall analyze all factors required by Ala. R. Civ. P. 23 for certification of a class and shall not order certification unless all such factors shall have been established. In announcing its determination, the court shall place in the record of the action a written order addressing all such factors, and specifying the evidence, or lack of evidence, on which the court has based its decision with regard to whether each such factor has been established. In so doing, the court may treat a factor as having been established if all parties to the action have so stipulated on the record and if the court shall be satisfied that such factor could be proven to have been established."